J. M. CALHOUN, *Plaintiff in Error,* v. W. W. McKAY, *Defendant in Error.*

Where a plea avers that an instrument under which the plaintiff claims was materially altered without authority after it was executed, the burden is upon the defendant to prove the alleged alteration. If the instrument when presented shows on its face a material alteration in that the word "net" was erased therefrom, a *prima facie* case is made for the defendant, and the burden is then cast upon the plaintiff to show that the alteration was made before it was delivered, or if made after delivery, that it was authorized.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*J. Bowers Campbell* and *C. L. Wilson,* for Plaintiff in Error;

*Paul Carter,* for Defendant in Error.

WHITFIELD, C. J.—McKay brought an action against Calhoun on a written contract. Among the pleas was one that the word "net" was erased from the instrument after it was written, thereby materially altering the contract. Issue was joined on the plea. Judgment for

the plaintiff was rendered and on writ of error the defendant below urges, among other assignments, that the court erred in refusing to give the following instruction: "Where a party offers in evidence a contract which appears on its face to have been altered, the burden of proof is on the party offering such altered contract, to prove by a preponderance of evidence that such contract was altered before it left the hands of the party who signed it."

When the contract was offered in evidence by the plaintiff it appeared on the fact of the paper that the word "net" had been erased so as to be barely visible, and that the absence of the word is material to the rights of the parties. When the contract was offered by the plaintiff and a material alteration of the character shown here appeared on its face, a *prima facie* case for the defendant under his plea was made, and the burden was then upon the plaintiff holder to show that the alteration was made before it was delivered, or if made after delivery that it was authorized by the party making the contract. Harris v. Bank of Jacksonville, 22 Fla. 501, 1 South. Rep. 140, 1 Am. St. Rep. 201. See also Orlando v. Gooding, 34 Fla. 244, 15 South. Rep. 77; Cross v. Abbey, 55 Fla. 311, 45 South. Rep. 820.

When a party receives a written instrument under which he claims rights, and the instrument on its face shows a material alteration, of the character disclosed in this case, he takes it *cum onere,* and if the alteration is assailed, the burden is on him to show it was authorized.

In this case the evidence as to the alteration is the conflicting testimony of the plaintiff and the defendant, the person who signed and the person who claims under the contract. Under these circumstances and in view of

the general charge that "the burden of proof is upon the defendant to show that such alteration was made after the execution of the instrument sued upon, by a preponderance of the testimony," it was error to refuse to give the requested instruction; and it cannot be said on this record that the error did not materially affect substantial rights of the defendant. It is not necessary to discuss other assignments of error.

The judgment is reversed.

SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.

TAYLOR, J., absent on account of illness concurred in the opinion as prepared.