JAMES W. BOUR v. R. F. SHERMAN, *et al.*

152 So. 3.
Division A.
Opinion Filed January 12, 1934.

*Scarlett & Futch,* for Plaintiff in Error;

*W. Theo Woodward,* for Defendants in Error.

DAVIS, C. J.—In this case the principal ground of plaintiff in error for seeking reversal of the judgment below is that the trial judge erred in denying defendant's motion for a continuance of the trial.

The record shows that the plaintiff had announced ready and that the motion was not presented to the court until the actual beginning of the trial nor until after a jury panel was in the box being examined as to their qualifications. It is further shown that at the time of trial the court had already been in session for nearly two weeks, and that this particlar case had been docketed ten days before the beginning of the term. While counsel for defendant presented matters in support of their request for a continuance which, perhaps, might have been sufficient to have supported a reasonable continuance to await arrival of expected depositions of defendant's witnesses, yet the situation was one

wherein the exercise of the court's sound judicial discretion to refuse such postponement or continuance was legally justified, and this Court cannot hold the trial court in error for such exercise, since no abuse of discretion has been made to appear. Moore v. State, 59 Fla. 23, 52 Sou. Rep. 971.

The transcript of the record shows that long prior to the trial the Circuit Judge had more than sixty days after entry of same, opened a default and final judgment entered by the Clerk against defendant, and had permitted pleas to be filed. This action is assigned as a cross error, and this being a case at law, cross assignments of error by defendant in error are permitted to be considered on the present record in which there appears a cross writ of error sued out by defendant in error to the same final judgment. Zigler v. Erler Corp., 102 Fla. 981, 136 Sou. Rep. 718; Tilton v. Horton, 103 Fla. 497, 137 Sou. Rep., 801, 139 Sou. Rep. 142; Ritch v. Adams, 102 Fla. 983, 136 Sou. Rep. 719. However, the affirmance of the judgment in defendant in error's favor makes a ruling on the cross assignment unnecessary.

Likewise the impropriety in the manner in which the suit was brought by the plaintiff below, a married woman, who sued as joint plaintiff with her husband, and through and by him as her next friend, if capable of being raised by general demurrer to the declaration, is not deemed sufficient in itself alone to warrant a reversal of the judgment in view of Section 4501 C. G. L., 2814 R. G. S., which provides that no judgment, after verdict of a jury, shall be reversed for any mispleading, insufficient pleading or misjoining of the issues, not affecting the merits of the cause, unless the party making the objection was injured by the irregularity.

Affirmed.

ELLIS and TERRELL, J. J., concur.

Whitfield, P. J., and Brown and Buford, J. J., concur in opinion and judgment.