E. C. ROPER, INC., *et al.,* v. WILSON & TOOMER FERTILIZER COMPANY.

156 So. 883.

Opinion Filed October 11, 1934.

Petition for Rehearing Denied November 2, 1934.

*Dickinson & Dickinson,* for Plaintiffs in Error;
*Milam, McIlvaine & Milam,* for Defendant in Error.

PER CURIAM.—This was a suit at law in which the dec-laration declared on a promissory note executed by E. O. Roper, Inc., and endorsed by E. O. Roper, its president. The pleadings and evidence may be said to present the prop-osition whether or not a corporation can maintain the de-fense of *ultra vires* to a cause of action based on its prom-issory note as sued on, where it is shown that the note was executed by it to a creditor of an individual who, while himself indebted to the payee of the note, conveyed his business and properties used therein to the corporation maker of the note in consideration of the corporation's giving the note to the individual's creditor to represent the individual debt for which the corporation had become liable anyway as the grantee or assignee of the individual's business and assets, in consideration of the conveyance of which to the corporation, the note was executed. The Circuit Court rendered judgment for the plaintiff. The corporation has appealed.

A corporation has no right to assume a debt of another where not authorized by its charter to do so, except for a sufficient consideration and in furtherance of its corpo-rate objects. But the rule does not apply where the cor-poration takes over the assets of the business of an individual or co-partnership, and in consideration thereof gives its note or obligation as part of the transaction involving what is taken over by it, whether such note or obligation be given

to the person or partnership whose assets have been taken over, or to a third party at the transferor's instance or request. Western National Bank v. Wittman, 31 Cal. App. 615, 161 Pac. Rep. 137; Leckie v. Bennett, 160 Mo. App. 145, 141 S. W. Rep. 706; Curtis, Jones & Co. v. Smelter Nat. Bank, 43 Colo. 391, 96 Pac. Rep. 172. Assumption of the pre-existing individual debt or liability as a consideration for the enjoyment of what is received by a corporation in a transfer of assets to it, may be express or implied. Ziemer v. C. C. Bretting Mfg. Co., 147 Wis. 252, 133 N. W. Rep. 139, 25 Ann. Cas. 1912-D 1275; McPike v. Kardell Motorcar Co., (Mo. App.) 213 S. W. Rep. 904.

If technical errors were committed by the court in its rulings on pleadings in the case, the record as a whole shows that the judgment rendered accords with justice in the premises, and that a reversal of the cause for the correction of such technical errors as may have occurred must inevitably lead to the rendition of a new judgment identical with that now appealed from, so reversal is not authorized under our statutes, Section 4499 C. G. L., 2812 R. G. S., relating to the effect of harmless errors.

Affirmed.

DAVIS, C. J., and ELLIS, and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.