W. A. BEAN v. SUBURBAN HOLDING COMPANY.

164 So. 513.
Opinion Filed December 10, 1935.

D. R. *Peacock,* of Bradenton, for Appellant, and *Milam, McIlvaine & Milam,* of Jacksonville, for Appellee.

GRAY, Circuit Judge.—Appellant filed his bill of complaint below for the foreclosure of a mortgage seeking to subject several lots to a mortgage debt against appellee who had purchased the mortgaged property. The original mortgagor was D. G. Haley, who had conveyed the property to Sarasota Fruit Company, a corporation, of which company the said Haley was President. Later, said Sarasota Fruit Company conveyed the property by warranty deed, free of incumbrances, to the appellee, Suburban Holding Company, a corporation, of which company the said Haley was Secretary. The mortgage from Haley to the appellant was dated August 24, 1925, but was not recorded until October 8, 1931, said recording being after the conveyance to the appellee, which was by deed dated June 8, 1929, and recorded June 19, 1929. The appellant, in his bill of complaint, claimed that the appellee "took title to said property with notice of the rights and interest of the plaintiff by virtue of the mortgage herein sought to be foreclosed." By its amended answer, the appellee denied such notice and claimed to be a bona fide purchaser of said property and alleged that the description in the mortgage from Haley to

appellant had been materially changed and altered after delivery of the mortgage to appellant, and prayed that the mortgage be held null and void and be expunged from the records as a cloud upon appellee's title. Testimony was taken and upon final hearing, the Chancellor below entered a final decree finding the equities with the appellee and decreeing, in substance, that the said mortgage from Haley to Bean was null and void and that the same be expunged from the public records of Manatee County and that the bill of complaint be dismissed, said dismissal, however, to be without prejudice to the right of the appellant to bring such action as he might desire to recover on any alleged indebtedness due him.

The original mortgage sought to be foreclosed was before the Chancellor below for his inspection and is before this Court, and material alterations appear to have been made in the description contained in said mortgage. Whether or not such alterations were made prior to or contemporaneous with the execution and delivery of such mortgage was a question of fact determined by the Chancellor below, and there is substantial evidence supporting the Chancellor's findings. Harris v. Bank of Jacksonville, 22 Fla. 501, 1 Sou. 140; Orlando v. Gooding, 34 Fla. 224, 15 Sou. 770; Cross v. Aby, 55 Fla. 311, 45 Sou. 820; Calhoun v. McKay, 64 Fla. 226, 60 Sou. 182. This Court has held, in many cases, that the Chancellor's findings on the facts will not be disturbed unless clearly erroneous.

The only other question raised by the assignments of error herein and argued by appellant is whether or not the knowledge of the mortgagor, Haley, who was President of the Sarasota Fruit Company, the appellee's grantor, and at the same time Secretary of the appellee, could be imputed to the appellee corporation. The established rule is

that knowledge acquired by the officers or agents of a corporation while not acting for the corporation but while acting for themselves, is not imputable to the corporation and it does not appear that any knowledge acquired by Haley was acquired while he was acting for the appellee or in or about any business of the appellee. Aycock Bros. Lumber Co. v. First National Bank, 54 Fla. 604, 45 Sou. 501; Roess Lumber Co., v. State Exchange Bank, 68 Fla. 324, 67 Sou. 188, Mullah v. Bank of Pasco County, 101 Fla. 1097, 133 Sou. 323.

It is ordered that the decree appealed from be affirmed.

WHITFIELD, C. J., TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.