## DAVE SMITH v. STATE OF FLORIDA

6 So. (2nd) 383                                           Division B
February 13, 1942

W. P. Chavous, for appellant.

J. Tom Watson, Attorney General, Joseph E. Gillen, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, Dave Smith, was informed against in the Circuit Court of Levy County, Florida, tried, convicted and sentenced to the State Prison at hard labor for two years for the larceny of four hogs, property of Willie Ishie. From this judgment or sen-

tence an appeal has been perfected here. Several grounds of the motion for new trial overruled by the trial court challenged the sufficiency of the testimony to sustain the verdict and judgment.

The hogs were unmarked and ranged near the place of the owner. The appellant boarded in a home located not a great distance from the place of Willie Ishie. The owner hunted his hogs on the range about every two weeks and fed them. He was able to identify the hogs by color as they were raised around him, and two were five or six months of age, while the other two were six or seven months old when they disappeared from their usual range in October, 1940. The hogs were located shortly thereafter in a pen near the home of a Mrs. Howell, with whom the appellant was boarding. It was appellant's testimony that the four hogs were owned by Mrs. Howell, but she did not take the stand as a witness. It was asserted that Mrs. Howell owned a hog claim on the range where these hogs disappeared. Some evidence appears in the record that these hogs were, by the appellant and Mrs. Howell or her son, penned about the time Willie Ishie's hogs disappeared.

It is contended that the testimony fails to show that the appellant took and carried the hogs away from the owner, or that the alleged stolen property was ever in the possession of the appellant. The testimony on this point is none too strong, but it is uncontradicted that the appellant, aided by Mrs. Howell or her son, placed the hogs in the pen near the Howell home. It is true that when the selling price of the hogs was being discussed the appellant inquired of Mrs. Howell the amount thereof. Mrs. Howell, while not appearing as a witness, is quoted as saying that

the appellant would name the price. The hogs were shown to be in a pen at or near his boarding house, and placed there by him with the assistance of others; the hogs being about seven months old or less were never identified by any one as the Mrs. Howell stock of hogs, but the ownership thereof was shown to be in Willie Ishie. The facts adduced presented purely a question for a jury under appropriate instructions.

Certain instructions given by the trial court are challenged. It is established law that in reviewing instructions alleged to be erroneous we are required to consider them in their entirety as differentiated from isolated instructions or portions thereof. We have duly reviewed the entire charge in light of the contention of counsel for appellant and fail to find reversible error. We confess that the testimony on one or two pivotal points is rather weak. The constitutional prerogative of a trial by jury is vouchsafed by the fundamental law. The appellant was granted that right and an impartial jury heard all the testimony, argument of counsel and charge of the court and reached a verdict. The law does not permit us to interfere with the conclusions of the jury in the absence of a showing of an influence *dehors* the record and reflected in the verdict. Such a showing has not been made to appear on this record.

The judgment appealed from is hereby affirmed.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.