177 So.2d 851 (1965)
C. & H. CONTRACTORS, INC., Appellant,
v.
Leo P. McKEE, as Trustee in Bankruptcy for Cate Contractors, Inc., Appellee.
No. 4948.
District Court of Appeal of Florida. Second District.
August 6, 1965.
*852 Sherman A. Katz, of Koenig & Katz, Ft. Lauderdale, for appellant.
Carl V. Wisner, Jr., and Wynne M. Casteel, Jr., Ft. Lauderdale, for appellee.
SMITH, Acting Chief Judge.
Appellant, defendant in the trial court, appeals a final judgment entered pursuant to a jury verdict in favor of the plaintiff trustee in bankruptcy. In his complaint the plaintiff claimed that the defendant was indebted to him for the balance due on the sale of a bulldozer. The plaintiff asserted that the defendant's liability existed under the theories of assumpsit, agency, adoption or ratification. We find that the record does not disclose any evidence, no matter what view of it the jury might lawfully take, favorable to the plaintiff to sustain the verdict under the law and we reverse.
Joseph Caparella purchased a bulldozer from Cate Contractors. He took title subject to an outstanding indebtedness of some $20,000 owed by Cate Contractors to Shelly Tractor & Equipment Company. Caparella testified that he paid for the equity in a washout of accounts between himself and Cate Contractors but Cate Contractors contended that Caparella agreed to pay them $1,500 for their equity at the time of delivery and that this sum was never paid. Caparella transferred the bulldozer to the defendant, in exchange for its stock, with a representation that the only indebtedness was that owing to Shelly.
At the trial plaintiff offered the testimony of Phillip Cate, the president of the bankrupt plaintiff, and Joseph Caparella as an adverse witness. The court granted the defendant's motion for directed verdict as to the theory of assumpsit but denied the motion as to the theories of agency, adoption or ratification. The defendant offered no evidence and the jury returned a verdict in favor of plaintiff.
One of plaintiff's counts was upon the theory that when Caparella purchased *853 the bulldozer from Cate Contractors he was acting either as a promoter for the defendant corporation or as defendant's agent. The only testimony on the subject of Caparella's status at the time of his purchase was his testimony that he purchased it individually and used it individually prior to the creation of the corporation. There was no contradictory testimony and he was not impeached as permitted by the adverse witness rule, Rule 1.37, Fla.R.Civ.P., 30 F.S.A. So the plaintiff totally failed to prove a contract on behalf of the corporate defendant made by its promoter or agent. The assertion of an agency relationship with a corporation not then in existence is a misnomer since an agent cannot exist without a then existing principal. The relationship alleged is more properly termed that of a promoter of a corporation. Contracts of such promoters are not enforceable against a corporation unless such contracts are subsequently ratified either expressly or by implication by the corporation. Meyer v. Nator Holding Co., 1931, 102 Fla. 689, 136 So. 636; Smith v. Loftis Plumbing & Heating Co., 1933, 112 Fla. 382, 150 So. 645.
If the judgment in favor of the plaintiff is to be sustained it must be under the counts alleging adoption or ratification on the theory that when Caparella transferred the bulldozer to the defendant corporation it adopted or ratified the alleged contract between Caparella and Cate Contractors or that it assumed the alleged debt. The evidence was conflicting on the existence of the debt but because the jury found for the plaintiff we accept the fact that Caparella agreed to pay Cate Contractors $1,500 upon the delivery of the bulldozer to him and that he failed to pay that debt. A corporation may become liable on a contract made prior to the existence of the corporation if it subsequently ratifies or adopts the contract either expressly or by implication. Meyer v. Nator Holding Co. and Smith v. Loftis Plumbing & Heating Co., supra. Likewise when a corporation acquires assets it may assume the debts or liabilities connected with such assets where sufficient consideration is given and the act is in the furtherance of its corporate objects. C.B. Rouss, Inc. v. Cooper, In re W.H. Swan & Co., Inc., 5 Cir.1934, 69 F.2d 671; E.O. Roper, Inc. v. Wilson & Toomer Fertilizer Co., 1934, 116 Fla. 796, 156 So. 883; Kraft v. Spencer Tucker Sales, Inc., 1952, 39 Wash.2d 943, 239 P.2d 563; 19 C.J.S. Corporations § 1235. Such assumption may be either express or implied from the circumstances. E.O. Roper, Inc. v. Wilson & Toomer Fertilizer Co., supra. Implicit in either adoption, ratification or assumption, however, is the requirement that the corporation have full knowledge of the existence of any such debt before it can be deemed to have assumed it. Kraft v. Spencer Tucker Sales, Inc., supra.
Thus it can be seen that in order to recover from defendant, plaintiff must prove that the corporation had knowledge of the debt owed to Cate Contractors before it can be said that defendant assumed this debt. Plaintiff presented only two witnesses, the president of the bankrupt corporation and Joseph Caparella. Caparella testified to the effect that when the bulldozer was transferred to the defendant corporation it was not advised that $1,500 was still owed to Cate Contractors. As far as defendant was concerned, the only outstanding obligation was the one owed to Shelly Tractor & Equipment Company. The president of the bankrupt corporation testified that Cate Contractors sent bills to defendant, but it was not shown when these bills were mailed, how many were sent, who received them, or what was done with them. It was conceded by this witness that Cate Contractors made no other demand upon defendant.
It is true that Caparella was president of the defendant corporation, but in purchasing the bulldozer and in transferring it to the defendant he was acting on his own behalf and not on behalf of the *854 corporation. Knowledge acquired by corporate officers while acting for themselves and not for the corporation cannot be imputed to the corporation. Joel Strickland Enterprises, Inc. v. Atlantic Discount Co., Fla.App. 1962, 137 So.2d 627; Bean v. Suburban Holding Co., 1935, 121 Fla. 868, 164 So. 513; Mullan v. Bank of Pasco County, 1931, 101 Fla. 1097, 133 So. 323; Roess Lumber Co. v. State Exchange Bank, 1914, 68 Fla. 324, 67 So. 188, L.R.A. 1918E, 297. Under the circumstances, it cannot be said that as a matter of law Caparella's knowledge was imputed to defendant.
The only other evidence presented by plaintiff was the statement by the bankrupt corporation's president that defendant had been billed monthly. There was no showing as to whether these bills were sent before or after the transfer of the bulldozer to defendant, how many such bills were sent, and what disposition was made of these bills when received. Although it could be argued that defendant's apparent silence upon receipt of the bills gives rise to a presumption of acquiescence to the debt, we do not feel that such is the case. There were apparently no previous dealings between Cate Contractors and defendant, and it has been held that mere failure to object to an account sent by mail to one who has had no dealings with the sender does not give rise to such a presumption of acceptance of the account. See, for example, Daytona Bridge Co. v. Bond, 1904, 47 Fla. 136, 36 So. 445. Although this rule has been applied in cases involving accounts stated, an issue which is not before us here, we feel that the rule is equally applicable to the facts in this case. Thus defendant's apparent silence in respect to plaintiff's billing could not, by itself, give rise to a presumption that defendant had accepted Caparella's debt as one owed by the corporation.
"* * * Where the presentation of an account is by mail, the person sought to be charged must in terms be a party to the account, or the grounds upon which it is sought to hold him as a debtor should be clearly made known to him, and a demand for payment made; otherwise, no presumption arises from his silence in relation thereto." Daytona Bridge Co. v. Bond, supra.
The record does not reflect any other demand upon defendant for this debt, nor does it show any other discussion of any nature whatsoever between defendant and Cate Contractors. The fact of monthly billing by itself, even when viewed in its most favorable light, is not sufficient under the circumstances of this case to establish implied assumption by defendant of Caparella's debt.
While it is true that a verdict should not be directed where there is sufficient evidence upon which a jury could make a determination, it is equally true that where no evidence is submitted upon which a verdict in favor of a plaintiff could lawfully be sustained, a defendant's motion for directed verdict should be granted. Stoudt v. Securities Investment Co., Fla.App. 1962, 140 So.2d 122; Baro v. Wilson, Fla.App. 1961, 134 So.2d 843; Manganelli v. Covington, Fla.App. 1959, 114 So.2d 320. Under the facts and circumstances of this case, there was no evidence presented upon which the jury could lawfully allow plaintiff to recover from defendant, and defendant's motion for directed verdict should have been granted. Accordingly, the judgment appealed from is reversed.
ANDREWS, J., and MELVIN, WOODROW, Associate Judge, concur.