400 So.2d 151 (1981)
FLORIDA FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant,
v.
E. Snow MARTIN, E. Snow Martin, Jr., and Michael D. Martin, Individually and Martin & Martin, a Partnership, Appellees.
No. 80-2317.
District Court of Appeal of Florida, Second District.
June 19, 1981.
*152 Michael J. Keane of Greene, Mann, Rowe, Stanton, Mastry & Burton, St. Petersburg, for appellant.
Dennis P. Johnson of Law Office of Knowlton H. Shelnut, Jr., Lakeland, for appellees.
SCHEB, Chief Judge.
Michael D. Martin sued Florida Federal Savings & Loan Association alleging that it breached its deposit agreement with him by charging his account on the basis of his secretary's forgeries. Florida Federal defended on grounds that Martin had authorized his secretary to act as his agent, that his negligence contributed to the forgeries, and that his failure to inspect his monthly statements and give timely notice of the forgeries barred his recovery. The trial court entered summary judgment for Martin. We reverse.
Martin is a partner in a law firm in Lakeland. About May 1, 1978, Martin's firm hired Carolyn Tozzer to do general legal secretarial work. Her duties included handling banking transactions for the firm and for Martin, individually. Martin maintained an individual password account at Florida Federal. In this type of account a secret password is required before a person is permitted to withdraw money from the account. Martin had introduced Tozzer to Florida Federal's safe deposit personnel so that she could store and retrieve clients' wills from the firm's safe deposit boxes. In addition, Tozzer routinely handled other law firm business with Florida Federal. However, the parties dispute whether Tozzer had obtained Martin's password to his individual account, and if so, from whom, and whether Florida Federal had ever verified her authority to withdraw funds from Martin's account.
Shortly after she was employed, Tozzer began signing Martin's name to savings withdrawal slips on his individual account at Florida Federal. She would obtain cashiers checks payable to Martin, forge Martin's endorsement and either cash or deposit the checks at another financial institution. Some rather involved banking transactions then ensued and, ultimately, Florida Federal received and paid the checks and charged them against Martin's account. Florida Federal furnished Martin with monthly statements of his account; however, it did not furnish him the withdrawal slips and teller checks which Tozzer signed until he notified Florida Federal that he suspected a forgery. Martin contended that he sustained a loss of $11,200 before he discovered a forged check on October 18 which prompted *153 him to make a detailed review of his account. Shortly thereafter he initiated this action against Florida Federal.
Martin and Florida Federal each moved for summary judgment. The court heard Florida Federal's motion first and denied it. Subsequently, the court heard Martin's motion. At the hearing it became apparent that Florida Federal had filed opposing affidavits together with a notice of filing three days before. While Florida Federal served a copy of the notice of filing on Martin, it failed to include copies of the affidavits. Thus, prior to the hearing Martin had not received copies of those affidavits. On this basis Martin objected to the court considering them. The court did not rule on the objection, but did have the affidavits read aloud. The affidavits were from two of Florida Federal's tellers, Patricia Roe and Shirley Wheeler. Each stated that she recognized Tozzer as an employee of Martin's law firm and had handled numerous banking transactions including check cashing, deposits and withdrawals on behalf of the law firm as well as in respect to Martin's individual account with Florida Federal. Wheeler stated that to her knowledge the first time Tozzer requested her to cash a check for Martin, she telephoned Martin's law office to verify that Tozzer was employed by the firm and had authority to make the particular withdrawal. Roe stated that when she first handled a transaction for Tozzer on Martin's behalf, she checked the signature and determined that it compared favorably with Martin's signature card. She also checked with another teller who verified Tozzer's authority to act.
At the conclusion of the hearing, the trial judge reserved ruling and ordered the parties to submit legal memoranda within a week outlining their contentions. On November 10, the trial court granted summary judgment in favor of Martin holding that:
FLORIDA FEDERAL SAVINGS & LOAN ASSOCIATION failed to comply with its deposit agreement with Plaintiff, MICHAEL D. MARTIN; and that pursuant to the preclusionary rules set forth in Section 674.406 of the Florida Statutes that as a matter of law, the depositor is entitled to have his account reimbursed where the savings and loan association failed to comply with this deposit agreement and failed to return the items to examine; and the Court further finds that Defendant, FLORIDA FEDERAL SAVINGS & LOAN ASSOCIATION, failed to timely serve affidavits in accordance with Rule 1.510(c) of the Rules of Civil Procedure leaving uncontroverted the facts set forth in the pleadings and affidavits of Plaintiff, MICHAEL D. MARTIN, thereby leaving no genuine issue of any material fact from which reasonable inferences could be drawn to present a triable issue of fact... .
When the trial judge had the affidavits read aloud and did not grant Martin's objection, it was reasonable for Florida Federal to assume that the court was going to consider the affidavits in ruling on Martin's motion for summary judgment. Florida Rule of Civil Procedure 1.510(e) permits the court to allow affidavits to be supplemented, and under the circumstances, it would have been appropriate for the court to have received the affidavits and, if requested, to have granted a continuance to Martin. It is difficult to see how any prejudice would have resulted to Martin. The court, however, rejected the affidavits when it made its ruling a week later, and we hold the rejection was an abuse of discretion. We believe it was the court's refusal to consider Florida Federal's affidavits which led it to hold that there was "no genuine issue of any material fact from which reasonable inferences could be drawn to present a triable issue of fact...."
Section 673.406, Florida Statutes (1979) provides:
Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial *154 standards of the drawee's or payor's business.
Since Holl v. Talcott, 191 So.2d 40 (Fla. 1966), appellate courts have closely scrutinized whether a movant has satisfactorily met the burden of conclusively showing the absence of any genuine issue of material fact. The movant's burden is particularly onerous when a question of negligence is involved. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977).
We hold that the affidavits presented by Florida Federal, coupled with the inferences that could be drawn therefrom, were sufficient to create an issue of fact as to whether Martin was negligent and, if so, whether his negligence substantially contributed to the forgeries by Tozzer.
We agree, however, with the trial judge that Florida Federal could not avail itself of the defense it asserted under section 674.406(1), Florida Statutes (1979). That statute provides:
When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof.
Florida Federal did not include the items paid in its statements of account sent to Martin. Further, it made no showing that it had held the items pursuant to any request by Martin or otherwise made the items available to him in a reasonable manner prior to his discovery of the forgeries. Florida Federal therefore cannot rely upon section 674.406 in defense of Martin's claim.
Accordingly, we vacate the summary judgment and remand for further proceedings consistent with this opinion.
GRIMES and DANAHY, JJ., concur.