404 So.2d 1131 (1981)
TRAVELERS INSURANCE COMPANY, Appellant,
v.
JEFFERSON NATIONAL BANK AT KENDALL, Appellee.
No. 80-1361.
District Court of Appeal of Florida, Third District.
October 20, 1981.
*1132 Joseph A. McGowan, Miami, for appellant.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Bruce Charles King, Miami, for appellee.
Before HUBBART, C.J., and HENDRY and BASKIN, JJ.
HENDRY, Judge.
Appellant, Travelers Insurance Company as subrogee of GAC Properties, Incorporated (GAC), and GAC individually, were co-plaintiffs in an action against the defendant/appellee Jefferson National Bank for the conversion of checks on which GAC was the named payee. Sometime in 1973, GAC's employee, Sherwood Savage, opened several bank accounts at Jefferson National in the name of GAL Properties, a Division of American Bancredit Corporation. Due to the similarity between the name of the account, GAL, and the name of the payee, GAC, Savage was able to deposit to the accounts various checks payable to GAC. The proceeds from the checks were paid to or for the order of Savage or GAL. When a fraud was discovered, Travelers paid GAC for its loss under a fidelity bond.
In 1978, Travelers, subrogated to GAC's rights, and GAC jointly filed suit against Jefferson National, alleging negligence and conversion under Section 673.419(1)(c), Florida Statutes (1977). Jefferson National responded by raising three affirmative defenses. First, the bank pled the statute of limitations, Section 95.11. Second, the bank asserted that since it had acted solely as a collecting bank, and had dealt with the instruments "in good faith and in accordance with the reasonable commercial standards applicable to the [banking] business," that it was absolved from any liability beyond the proceeds remaining in its possession by virtue of Section 673.419(3). See Jackson Vitrified China Co. v. People's American National Bank of North Miami, 388 So.2d 1059 (Fla. 3d DCA 1980). Third, Jefferson invoked Section 673.406, alleging that Travelers (as subrogee of GAC) was precluded from asserting the alteration or lack of authority against the bank since Jefferson had paid the checks in good faith and in accordance with the reasonable commercial standards of the banking business, and the negligence of GAC, Travelers' insured, had substantially contributed to the making of the unauthorized signature.
In response to the statute of limitations defense, the court, pursuant to stipulation by both sides, barred all claims which were more than four years old prior to the filing of the suit. At the close of the plaintiff's case in a jury trial, the court directed a verdict against Jefferson National and in favor of Travelers on the reasonable commercial standard defense of Section 673.419(3). The court then instructed the jury on the substantial contribution defense under Section 673.406. The jury returned a verdict in favor of Jefferson. Travelers has appealed from the final judgment; Jefferson has filed a cross-appeal. We reverse and remand for a new trial.
In directing a verdict against Jefferson under Section 673.419(3), the court ruled as a matter of law that Jefferson had not observed reasonable commercial standards so as to avail itself of the defense to a conversion action found in that section:
673.419 Conversion of instrument; innocent representative. 
(3) Subject to the provisions of this code concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith *1133 and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands. (emphasis supplied)
Good faith and reasonable commercial standards are factual questions to be determined by the trier of fact. Thus, the trial court erred in taking this issue from the jury and deciding it as a matter of law. Barnett Bank of Miami Beach v. Lipp, 364 So.2d 28 (Fla. 3d DCA 1978). This error, moreover, was compounded when the jury rendered a verdict for Jefferson National on the basis of Section 673.406, since this provision is not available as a defense to the bank unless it has acted in accordance with reasonable commercial standards:
673.406 Negligence contributing to alteration or unauthorized signature.  Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business. (emphasis supplied)
The verdict reached by the jury was clearly incompatible with the prior ruling of the trial court. On the one hand, the court determined that the bank did not deal with the instrument in accordance with reasonable commercial standards as required by Section 673.419(3), and, on the other hand, instructed the jury on the substantial contribution defense of Section 673.406, which is also dependent upon good faith and adherence to reasonable commercial standards by the party invoking the defense. Only where a bank has acted in accordance with reasonable commercial standards is the defense of negligence of the true owner of an instrument available. Perley v. Glastonbury Bank and Trust Co., 170 Conn. 691, 368 A.2d 149 (1976); Empire Moving and Warehouse Corp. v. Hyde Park Bank and Trust Co., 43 Ill. App.3d 991, 357 N.E.2d 1196, 2 Ill.Dec. 753 (App.Ct. 1976); Seattle-First National Bank v. Pacific National Bank, 22 Wash. App. 46, 587 P.2d 617 (Ct.App. 1978).
Because the trial court determined as a matter of law that the bank did not comply with reasonable commercial standards, the cause must be remanded for a new trial. On remand, the bank will have the burden of presenting evidence concerning the applicable standards of the banking industry and its adherence thereto. Barnett Bank of Miami Beach v. Lipp, supra; Siegel Tracking Co., Inc. v. Coral Ridge National Bank, 328 So.2d 476 (Fla. 4th DCA 1976); Robert A. Sullivan Construction Co. v. Wilton Manors National Bank, 290 So.2d 561 (Fla. 4th DCA 1974). This will necessitate more than merely demonstrating that the bank "did not fail to reasonably comply with its own commercial standards." Siegel Trading Co., Inc. v. Coral Ridge National Bank, supra, at 479. Whether GAC's conduct was negligent and substantially contributed to the making of the forgery are also questions of fact for determination by the jury, Ray v. Farmers' State Bank of Hart, 576 S.W.2d 607 (Tex. 1979); Thompson Maple Products, Inc. v. Citizens National Bank, 211 Pa.Super. 42, 234 A.2d 32 (1967), and the burden of proving that GAC's negligence substantially contributed to the making of the unauthorized signature is on Jefferson. See Perley v. Glastonbury Bank and Trust Co., supra; Twellman v. Lindell Trust Co., 534 S.W.2d 83 (Mo. App. 1976).
Since this case is remanded in accordance with the views expressed herein, we also address the issues raised by Jefferson's cross-appeal. The bank's first contention, that the trial court erred in directing a verdict against it on the reasonable commercial standard issue, has been resolved in its favor. We summarily dispose of the bank's claim that the court should have directed a verdict in its favor under the statute of limitations since the bank failed to preserve this issue below. Finally, Jefferson *1134 argues that the court should have instructed the jury on the rule of law stated in Ruwitch v. First National Bank of Miami, 291 So.2d 650 (Fla. 3d DCA), cert. denied, 305 So.2d 196 (Fla. 1974), which, as Jefferson interprets it, would place on Travelers, as GAC's paid surety, a heavier burden than GAC itself would have in demonstrating negligence on the part of Jefferson. We disagree. The trial court properly refused to instruct the jury in this regard since Ruwitch held only that paid, as opposed to unpaid, sureties do not enjoy equities superior to those of other litigants. Ruwitch did not, as Jefferson maintains, state that sureties-for-hire occupy an inferior position in the law.
We hold that whether a party has acted in good faith and observed reasonable commercial standards in order to invoke the defenses to a conversion action available under Sections 673.406 and 673.419(3) is a factual determination to be made by the trier of fact. The judgment is reversed and the cause remanded for a new trial in accordance with the views expressed herein.
Reversed and remanded.
HUBBART, Chief Judge (dissenting).
I must respectfully dissent. I would affirm the final judgment appealed from in all respects.
The only error committed by the trial court below, as the court herein concludes, was in directing a verdict against the defendant/appellee Jefferson National Bank on its reasonable commercial standard defense raised below under Section 673.419(3), Florida Statutes (1977). The court holds, correctly I think, that this defense should have been submitted to the jury because "[g]ood faith and reasonable commercial standards are factual questions to be determined by the trier of fact," at least in the context of this case. This error, however, did not adversely affect, but, on the contrary, materially helped the plaintiff/appellant Travelers Insurance Co. by precluding the jury from considering a valid defense advanced by the defendant/appellee Jefferson National Bank. It is, therefore, clear that the subject error was harmless as to the plaintiff/appellant Travelers and can form no basis for a reversal and remand for a new trial. § 59.041, Fla. Stat. (1979).
It is true, as the majority notes, that the trial court's ruling in directing a verdict on the reasonable commercial standard defense was inconsistent with its denial of a directed verdict on the defendant/appellee Jefferson National Bank's substantial contribution defense raised below under Section 673.406, Florida Statutes (1977), as both defenses were dependent on a showing of good faith and adherence to reasonable commercial standards. The only judicial error, however, committed by the trial court in these two inconsistent rulings was as to the former ruling and not to the latter. The trial court was eminently correct, as the court herein implicitly concludes, in denying a directed verdict on the substantial contribution defense and in sending the case to the jury as to that defense. As such, it follows that the jury was well within its province when it found for the defendant/appellee Jefferson National Bank on the subject substantial contribution defense.
This leaves us, in my view, with no alternative but to affirm because no error has been committed in this case which in any way adversely affected the substantial rights of the plaintiff/appellant Travelers Insurance Company. E.O. Roper, Inc. v. Wilson & Toomer Fertilizer Co., 116 Fla. 796, 156 So. 883, 884 (1934); see e.g., Henderson v. State, 94 Fla. 318, 113 So. 689, 697-98 (1927); Seaboard Air Line Railroad v. McCutcheon, 158 So.2d 577 (Fla. 3d DCA), cert. denied, 165 So.2d 178 (Fla. 1964). As there is no reversible error shown on the main appeal, the points raised by the cross appeal necessarily become moot. Bour v. Sherman, 113 Fla. 730, 152 So. 3 (1934); 3 Fla.Jur.2d, "Appellate Review" § 281 (1978).
I would affirm.