450 So.2d 337 (1984)
FLAGSHIP BANK OF SEMINOLE, Appellant,
v.
COMPLETE INTERIORS, INC., d/b/a Continental Homes of Florida, Appellee.
No. 83-882.
District Court of Appeal of Florida, Fifth District.
May 24, 1984.
*338 Jack T. Bridges of Cleveland & Bridges, Sanford, for appellant.
Sutton G. Hilyard, Jr., and Greg W. Sahlsten of Pitts, Eubanks & Ross, P.A., Orlando, for appellee.
ORFINGER, Chief Judge.
Flagship Bank appeals a partial summary final judgment against it in favor of Complete Interiors, Inc., a bank customer which had sued the bank to recover on ten checks which allegedly had been altered, thus improperly charged against its account. The bank contends that factual issues exist for trial and that a summary judgment was therefore erroneously entered. We agree and reverse for trial.
The partial summary judgment involves only five of the ten checks sued upon. The record reflects that all ten checks were apparently altered by the same person, the customer's bookkeeper. The bookkeeper would prepare checks in accordance with written authorization of appellee's general manager, who would then compare the prepared checks with the authorizations, and if the checks matched, he would sign them and return them to the bookkeeper for distribution. It appears that the bookkeeper then proceeded to alter the checks using either an eraser or a correcting typewriter, naming herself as payee of the checks and in some instances, increasing the amount.
The first four of the series of checks were written and paid by the bank between April 3, 1981 and April 29, 1981. These checks appeared on and were returned to appellee with the April bank statement which appellee received on or about May 2, 1981. The fifth in the series of checks was paid by the bank on May 11, 1981, and it appeared on and was returned to appellee with the May bank statement, which appellee received on or about June 2, 1981. The remaining checks were paid between May 21, 1981 and August 13, 1981, and are not involved in this appeal. The trial court entered a partial summary judgment for the first five checks, totalling $19,697.30, plus interest of $4,809.84.
*339 To support the trial court's judgment, appellee relies on section 674.406, Florida Statutes (1981)[1]. Subsection (1) of this statute, provides, in essence, that the bank's customer has the duty to exercise reasonable care and promptness to examine its bank statements and items to discover any unauthorized signatures or alterations. The customer must notify the bank promptly if any irregularities are discovered. Under section (2)(a), the failure of the customer to comply with this duty precludes his assertion against the bank of unauthorized signatures or alterations if the bank establishes that it suffered a loss by reason of such failure. Under Subsection (2)(b) of the statute, if the customer fails to comply with this statutory obligation the customer is precluded from asserting against the bank payment on any subsequent unauthorized signature or alteration by the same wrongdoer, paid in good faith by the bank after the first item and statement was available to the customer for a reasonable period not exceeding fourteen calendar days. Appellee contends that the summary judgment was properly entered because, on May 11, 1981, when the last of the five checks was paid, appellee had not had its April bank statement for fourteen days, thus making the bank absolutely liable for at least these checks.
When a bank is sued because it has charged a customer's account with unauthorized or altered checks, it may raise as a defense thereto and present evidence, if it can, that the customer did not exercise due care and promptness to examine the bank statement where such items appear and failed to "promptly" notify the bank after discovery thereof, and that the bank has suffered a loss by reason of such failure (subsection (2)(a)). Additionally, under subsection (2)(b) of the statute, with respect to subsequent alterations or forgeries by the same wrongdoer, the bank may assert the customer's failure to comply with its duty under subsection (1), after the first item and statement was available to the customer "for a reasonable period not to exceed fourteen days."
With respect to the first four checks involved here, the bank may establish, under subsection (2)(a) of the statute, that notwithstanding the fact that these checks appeared for the first time on the April statement, the customer did not comply with its duty under subsection (1) to "promptly" notify the bank of these alterations, and that because of such failure the bank suffered a loss. With respect to the fifth check, the bank has the right, under subsection (2)(b) of the statute to establish that the customer failed to "promptly" notify the bank of the alterations after it received the statement on May 2, 1981 which reflected the alteration of the first four checks in question. If this can be established, and if the customer is not able then to establish the lack of ordinary care on the part of the bank in paying the *340 item(s) as provided under subsection 3 of § 674.406, then the customer is precluded from asserting the alteration against the bank. The issues of whether the customer exercised reasonable care and promptness to examine the statement, and whether the customer had an opportunity to review the statement for a reasonable length of time, raise substantial questions of material fact ordinarily making summary judgment inappropriate. Space Distributors, Inc. v. Flagship Bank of Melbourne, 402 So.2d 586 (Fla. 5th DCA 1981).
Contrary to the appellee's position, section 674.406 does not create an absolute liability on the part of the bank for payments made on checks during the fourteen day period after the first statement is available to the customer. Rather, the customer has no more than fourteen days to report alterations to the bank or the customer will be precluded from asserting any claim with respect to documents already honored by the bank. But depending on the facts and circumstances, the trier of fact may conclude that the customer neglected its duty by not reporting the discrepancy within the fourteen day period. In Ashley-Hall Interiors, Ltd., Inc. v. Bank of New Orleans, 389 So.2d 850 (La. App. 4th Cir.1980) the Louisiana appellate court, applying a statute almost identical to Florida Statute § 674.406, concluded that where a depositor failed to exercise reasonable care in examining his statements the bank would not be liable for forged or altered checks even though paid within fourteen days from the date of receipt of the first bank statement containing evidence of alterations. If the customer's negligence rather than the bank's lack of care causes the injury, the bank will not be liable. Here the appellant should have been entitled to present evidence that if Complete Interiors had promptly notified Flagship upon learning of the first forgeries the bank might not have honored the fifth check presented by the bookkeeper eight or nine days after the statement was mailed to appellee. This was a question which should properly be resolved by the trier of fact. See First Nat'l Bank of Cape Canaveral v. Keshishian, 427 So.2d 313 (Fla. 5th DCA 1983).
Additionally, and as to all the checks, we also find summary judgment inappropriate here because a material issue of fact was raised concerning conduct by the appellee which may have facilitated the forgeries. Florida Statute § 673.406 (1981) states:

Negligence contributing to alteration or unauthorized signature.  Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an authorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business.
The Official Code Comment to U.C.C. § 3-406, from which Florida Statute § 673.406 derives, expressly provides:
No attempt is made to define negligence which will contribute to an alteration. The question is left to the court or the jury upon the circumstances of the particular case ...
* * * * * *
The section extends ... to cases where the party has notice that forgeries of his signature have occurred and is negligent in failing to prevent further forgeries by the same person. It extends to negligence which contributes to a forgery of the signature of another ... [N]o attempt is made to specify what is negligence, and the question is one for the court or the jury on the facts of the particular case.
The record contains allegations of negligence both in appellee's checkwriting procedures and in hiring its bookkeeper. Appellant argued below that Complete Interior's use of an erasable typewriter to prepare its checks contributed to the forgeries. As well, appellant maintained that Complete *341 Interiors was negligent in hiring a bookkeeper who was on probation for a felony charge of check kiting. The bookkeeper was placed in a position of trust, and the appellant contends that it should have been permitted to show that Complete Interiors failed to exercise sufficient care in investigating her background. The scope of the investigation Complete Interiors was obligated to make and whether it negligently contributed to the alterations are factual questions. Space Distributors, Inc.; Keshishian; Florida Federal Savings and Loan Association v. Martin, 400 So.2d 151 (Fla. 2d DCA 1981). Accordingly, the issue of whether or not Complete Interiors was negligent and whether such negligence contributed to the forgeries should have been decided by the trier of fact. See Travelers Insurance Company v. Jefferson National Bank at Kindall, 404 So.2d 1131 (Fla. 3d DCA 1981).
REVERSED and REMANDED.
COBB, J., and LEE, R.E., Associate Judge, concur.
NOTES
[1] Section 674.406, in relevant part, says:

Customer's duty to discover and report unauthorized signature or alteration.
(1) When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof.
(2) If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by subsection (1) the customer is precluded from asserting against the bank:
(a) His unauthorized signature or any alteration on the item if the bank also establishes that it suffered a loss by reason of such failure; and
(b) An unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank after the first item and statement was available to the customer for a reasonable period not exceeding 14 calendar days and before the bank receives notification from the customer of any such unauthorized signature or alteration.
(3) The preclusion under subsection (2) does not apply if the customer establishes lack of ordinary care on the part of the bank in paying the item(s).