PER CURIAM.
The defendant Lonnie James Walker appeals his judgment of conviction and sentence for life imprisonment for the crime of second degree murder. The defendant, through counsel and through a proper person brief, raises a number of contentions on appeal. We have carefully examined these contentions and find them to be without merit. We accordingly affirm.
First, the defendant contends that the trial court erred by failing to conduct a probing voir dire of each individual potential juror outside the presence of the entire panel and by refusing to sequester the jury once it was selected, thereby depriving the defendant of a trial by an impartial jury. The defendant complains here of a number of rulings made by the trial court and claimed as error on appeal, which he argues both individually and cumulatively deprived him of a fair and impartial trial by jury. We cannot agree. Our review of the record reveals that the trial court more than adequately protected the right of the defendant to a fair trial and committed no reversible error in any of its rulings herein, either individually or cumulatively. See Oats v. State, 446 So.2d 90, 93-94 (Fla.1984); Stone v. State, 378 So.2d 765, 768 (Fla.1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980); Grimett v. State, 383 So.2d 698, 699 (Fla. 4th DCA), pet. for review denied, 389 So.2d 1110 (Fla.1980); Gavin v. State, 259 So.2d 544, 546-47 (Fla. 3d DCA), cert. denied, 265 So.2d 370 (Fla.1972).
Second, the defendant claims that the trial court made a number of rulings which failed to correct certain alleged discovery violations. Once again, the defendant refers us to a number of rulings which it is contended either individually or cumulatively amounted to reversible error. We are again unpersuaded, as the trial court in no way abused its discretion in making any of its discovery rulings. See Richardson v. State, 246 So.2d 771, 774-75 (Fla.1971); State v. Del Gaudio, 445 So.2d 605, 607-11 (Fla. 3d DCA 1984); Jones v. State, 360 So.2d 1293, 1296-97 (Fla.3d DCA 1978).
Third, the defendant, in his proper person brief and through counsel in his reply *335 brief, has. raised numerous other points which we have examined. None of them merit a reversal in this case and must therefore be rejected.
Finally, in view of our affirmance on the main appeal, it is unnecessary for us to consider the state’s cross appeal. Bour v. Sherman, 113 Fla. 730, 152 So. 3 (1934). In this connection, we reject the state’s invitation for us to issue an advisory opinion on its cross appeal so as to prevent similar errors from occurring in other cases unrelated to the instant case. Plainly, we have no such advisory opinion authority, as “[i]t is a long-standing rule of appellate jurisprudence that the court will not undertake to resolve issues which, though of interest to the bench and bar, are not dis-positive of the particular case before the court.” Marion County Hospital District v. Akins, 435 So.2d 272, 273 (Fla. 1st DCA 1983). We do not, as urged, read Diecidue v. State, 119 So.2d 803 (Fla.2d DCA 1960), to stand for a contrary proposition, but to the extent that it does, we decline to follow it.
The final judgment of conviction and sentence under review is in all respects
Affirmed.