W. M. TOOMER, Jr., BY NEXT FRIEND, *Plaintiff in Error*, v. FOURTH NATIONAL BANK OF JACKSONVILLE, A CORPORATION, *Defendant in Error*.

Opinion Filed January 11, 1915.

1. The statutory claim proceedings permitted a stranger whose property is levied upon, are not exclusive.

2. Trover lies against the plaintiff in execution for an injured party whose property is seized wrongfully by the sheriff under the express direction of such plaintiff.

3. An infant, suing by his next friend, may bring trover for the wrongful conversion of his property.

Writ of error to Circuit Court for Duval County; D. A. Simmons, Judge.

Judgment reversed.

*W. H. Surrency,* for Plaintiff in Error;

*Kay & Doggett,* for Defendant in Error.

COCKRELL, J.—This is a writ of Error to a judgment final pronounced upon sustaining a demurrer to a declaration.

Omitting the formal parts, the declaration reads:

"1.   That on May 30, 1912, W. M. Toomer, Jr., was a minor of the age of eighteen years.   That on said date he was the owner of one Model L 1911 Roadster Cole 30 H.P. 4-cylinder automobile car No. 2542, Motor No. 556, of the value of Fifteen Hundred Dollars.   On said May 30th, 1912, said Defendant Fourth National Bank by express direction given the Sheriff of Duval County, Florida, caused that officer to seize, levy upon and take possession of said described automobile under and by virtue of an execution issued on March 23rd, 1912, upon a judgment obtained March 21st, 1912, in the Circuit Court of the Fourth Judicial Circuit Duval County, Florida, by said defendant against W. M. Toomer, the father of the said W. M. Toomer, Jr.   After said levy, seizure and conversion of said described property and before the filing of this complaint, due demand was made upon said Fourth National Bank by said W. M. Toomer, Jr., for the release, surrender and delivery of said automobile or the payment of the value thereof, and said demand was then and there refused.   The said W. M. Toomer, Jr., has been since the said 30th day of May, 1912, deprived of the use and enjoyment of said automobile which was of the fair value of one dollar a day.

Wherefore, plaintiff brings this his suit for the value of

said automobile and its use of which the said W. M. Toomer, Jr., has been deprived, and claims three thousand dollars damages."

The grounds of the demurrer are:

"1.  Said declaration sets up no cause of action against this defendant.

2.  Said declaration sets up a demand by a minor upon this defendant.

3.  Said declaration shows on its face that the Plaintiff did not pursue the remedy prescribed by statute for the interposition of claim proceedings.

4.  Said claim proceedings prescribed by the statute are exclusive.

5.  It became the duty of the plaintiff to interpose a claim to minimize the alleged damages.

6.  The failure of the plaintiff to interpose a claim reduces the alleged damages to mere nominal damages of which this Court has no jurisdiction."

We are clear that the statutory claim proceedings are not the exclusive and only remedy, when a stranger's property is seized under a levy by the sheriff.  Under the language of the statute, the permissive word "may" is used and there are no words indicative of an intent to abolish the common law remedies.  A bond is required in the statutory proceedings and the shortness of time too might well deprive the owner of his property without an opportunity to assert his rights.  This remedy is concurrent and not exclusive.  This court may have been unfortunate in its use of language in Price v. Sanchez, 8 Fla. 136, in calling this proceeding a substitute for the common law actions, but the opinion in that case is no warrant for holding that the proceeding is exclusive.

Even if a negligent failure to pursue the statutory pro-

ceeding be a consideration on the *quantum* of damages, a point not decided, there is nothing here to indicate that the claim as disclosed by the declaration in good faith does not exceed five hundred dollars, being for the value of the machine, as well as specific damages for its detention.

Many verbal criticisms, more or less serious, readily occur upon an inspection of the declaration, yet they are readily amendable and should therefore have been specifically attacked. Speaking generally, trover lies for the injured party whose property is seized wrongfully by the sheriff under the express direction of the plaintiff in execution, and the first ground of the demurrer goes only to a denial of this general proposition.

We know of no reason, and counsel suggests none, why an infant may not bring trover for the wrongful conversion of his property. He sues by his next friend, as in other torts.

Judgment reversed.

TAYLOR, C. J., AND SHACKLEFORD, WHITFIELD AND ELLIS, J. J., concur.