V. B. Granat, a widow, Plaintiff in Error, v. Biscayne Trust Company, a corporation, Defendant in Error.

147 So. 850.
Opinion filed April 19, 1933.

Roland W. Granat, for Plaintiff in Error;

Wilder & Jacobsen, for Defendant in Error.

Buford, J.—This case is before us on writ of error to the Circuit Court of Dade County attacking the judgment of the Circuit Court dismissing the suit on sustaining demurrer to the declaration.

486

The declaration was in one count. The suit was against Biscayne Trust Company, a Florida corporation, as Executor of the estate of A. S. Dulbs, deceased. The basis for the action was that Dulbs, during his lifetime, a judgment creditor of the plaintiff, wrongfully and unlawfully caused levy of execution to be made upon certain personal property and such personal property to be taken into custody of the sheriff and held by him. It is alleged in the declaration:

"And the plaintiff further alleges that the said Henry R. Chase, Sheriff of Dade County, Florida, did, on or about the 8th day of August, 1928, return and replace the aforesaid goods and chattels and personal property upon the aforesaid premises with the exception that certain parts and portions of the said personal property were injured, damaged, broken, destroyed or missing, as will more fully appear from the Bill of Particulars attached hereto and asked to be taken and made a part hereof.

"Wherefore, the plaintiff charges that the said levy, seizure, taking and returning of the said goods and chattels was illegal and unlawful and that thereby the said A. F. Dulbs became liable for all injury and damage sustained by the Plaintiff as the proximate result of the aforesaid illegal and unlawful act of the said Henry R. Chase acting as Agent and under the direction of the said A. F. Dulbs. And the Plaintiff further charges that as a proximate result of the said illegal and unlawful acts the Plaintiff was injured and damaged in that she was deprived of the reasonable income in rents from her said property for a long period of time and that she was compelled to employ an attorney to compel the return of the said goods and chattels and thereby obligated herself to pay such attorney a reasonable compensation for services in that behalf; and that she

was compelled to expend great sums of money for expenses necessary to compelling the return of the said goods and chattels, and that said goods and chattels and her said real property were injured and damaged and made less fit for use and that her credit, reputation and the reputation of her property were impaired and injured and that she suffered great mental pain, anguish, humiliation and ill health thereby, all of which is more completely enumerated, set forth and explained in the Bill of Particulars attached hereto and hereby made a part hereof."

\* \* \*

"Wherefore, the Plaintiff brings this suit and claims damages in the sum of Twenty Thousand ($20,000) Dollars."

It is also therein alleged that subsequent to the acts complained of Dulbs died and Biscayne Trust Company, a Florida Corporation, was duly qualified as Executor of the Estate of Dulbs and was at the time of the institution of the suit acting as such Executor. She (plaintiff) alleges damages in the gross sum of $20,000.00.

There was a demurrer to the declaration which was sustained.

The demurrer presented two questions. The first was, whether or not the alleged *tort feasor* was liable for damages for the acts of the Sheriff performed under his direction in the unlawful seizure of the goods of the plaintiff. The other was, whether or not the suit could be maintained by the plaintiff against the Executor of the deceased *tort feasor*.

That a judgment creditor is liable in damages to the injured party whose property is wrongfully seized by the Sheriff under the express directions of such judgment creditor and plaintiff in execution is settled in this State

by the opinion and judgment in the case of Toomer v. Fourth National Bank of Jacksonville, 68 Fla. 555, 67 South. 225. It is true in that case that the plaintiff was not a defendant in execution, but this fact will not affect the rights of the parties. A defendant in execution is just as much protected against the unlawful seizure of his property as is anyone else. Such a one is subject only to have his property lawfully seized when there is a present legal right for such seizure.

In Waller v. First Savings & Trust Company, 103 Fla. 1025, 138 Sou. 781, we construed the provisions of Section 2571 R. G. S., 4211 C. G. L. In that case we held:

"A majority of the court hold that, under the laws of Florida, a right of action for the recovery of purely compensatory damages for personal injuries caused by a *tort feasor* in his lifetime does not die with the *tort feasor,* but that such right of action, which has accrued against the *tort-feasor* in his lifetime, survives after his death, and that an action at law based thereon may be brought or maintained by the injured party against the personal representatives of the estate of the deceased *tort-feasor* for the recovery of compensatory damages out of the *tort-feasor's* estate, for the personal wrong and injury done; the English common-law rule to the contrary being inconsistent with the intendments of the Florida Constitution and statutes, and therefore not applicable in this State."

The demurrer was sustained apparently upon the theory that the right of action, if any, did not survive the death of the *tort-feasor.* Another ground of the demurrer was that the declaration did not allege sufficient facts to show the affirmative action of the alleged *tort-feasor* in the commission of the tort complained of. The demurrer should have been sustained on this ground, with leave to amend

the declaration as the allegations could only be construed to charge by inference that the judgment creditor, Dulbs, directed the seizure.

For the reasons stated, the judgment should be reversed with directions that the cause be reinstated, the demurrer be sustained in accordance with the views herein expressed and the plaintiff be allowed to amend.

It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (Concurring specially.)—This action is not based on personal injuries but on damage to property. It seems to me that the Waller case is hardly in point. As I understand it, the declaration alleged that Dulb's attorney acting for him, ordered the levy; that there is therefore no need to amend on that score. (Trans. p. 5). While some of the items of damage claimed are not in my opinion properly recoverable, the declaration stated a cause of action, and I concur in the holding that the judgment below should be reversed and the cause remanded with directions for its re-instatement.