OVERSTREET, MURRAY, W., Associate Judge.
Plaintiffs-appellants sued defendant-ap-pellee for personal injuries sustained by the 10-year-old plaintiff, John C. Nielsen, on a dam across Phillipi Creek in Sarasota County, Florida. The Complaint alleged that defendant owned, had and maintained the dam at the time of the accident; that a publicly used path across the top of the dam led from a residential area on one side of the creek to a Community House on the other side; that the dam gates were manipulated by means of a hand wheel connected by shafts to an uncovered gear which in turn meshed with unprotected gear teeth on the gates that rested on the top of the dam ; that the gates on the dam were negligently maintained; that the minor plaintiff lived in said residential area, was attracted to the dam, and while thereon was severely injured when one of the gates slipped and caught his arm between the operating gear. Defendant denied by unverified Answer ownership and possession of the dam and that it maintained the dam, and charged the minor plaintiff with contributory negligence.
Thereafter, plaintiffs filed a Motion for Partial Summary Judgment on the issue of ownership. At the hearing on this Motion, the Court apparently considered all of the affidavits and other pertinent and admissible matters and evidence in support thereof and in opposition thereto, after which he denied plaintiffs’ Motion and entered Summary Final Judgment in favor of defendant and against plaintiffs, because there was “no genuine issue of material fact and that the defendant was not the owner of the dam or the premises containing the dam” on the date of the accident. The judgment was based “in some portion on the fact that” the Judge felt he could “take judicial knowledge of the fact that Phillipi Creek is nav *491 igable,” and this has been assigned as one of the grounds of error.
The navigability of Phillipi Creek is not mentioned in any of the pleadings and its materiality did not appear until hearing on the plaintiffs’ Motion for Partial Summary Judgment as to ownership of the dam, when counsel for defendant orally suggested that the Court could take judicial knowledge of its navigability, although he (counsel for defendant) was “not personally familiar with it at all.”
Whether a creek (Phillipi Creek in this case) is a navigable stream is a question of fact, and when the Court took judicial notice of its navigability it simply meant it was taken as true without proof by the party who should have offered evidence to show its navigability. On this point, the Supreme Court of Florida has held in Makos et al. v. Prince et al. (Fla.), 64 So.2d 670, that “The established rule in respect to judicial notice is that it should be exercised with great caution. The matter judicially noticed must be of common and general knowledge. Moreover, it must be authoritatively settled and free from doubt or uncertainty,” and “as to those matters of which the court may take judicial notice because they are matters of common knowledge, as distinguished from certain official records * * *, the rule is that the fact that a matter is judicially noticed means merely that it is taken as true without the necessity of offering evidence by the party who should ordinarily have done so. This is because the court assumes that the matter is so notorious that the matter will not be disputed. But the rule does not prevent an opponent’s disputing the matter by evidence if he believes it disputable.” We think the plaintiffs should be afforded an opportunity to dispute by evidence the navigability of Phillipi Creek, and if the evidence submitted by them raises a genuine issue of material fact, the matter should be submitted to a jury for determination.
Moreover, the liability of defendant was based not only on the ownership of the dam, but also on the maintenance of it, which was denied by defendant. This issue was overlooked at the hearing on Motion for Partial Summary Judgment, and we are of the opinion that before Summary Final Judgment can be entered, said issue should be determined on Motion for Summary Judgment, or by Jury trial if the evidence pertaining to same creates a genuine issue of material fact.
On the day of the hearing on the. Motion for Partial Summary Judgment,, the plaintiffs proffered additional proof in; support of their Motion, but the Court refused to consider same, and plaintiffs (appellants) have assigned the refusal as error. On this point the Supreme Court has-said in Cook v. Navy Point, Inc., (Fla.), 88 So.2d 532, that “In all but extraordinary-circumstances, affidavits in support of the motion, if any there are, should be filed with it to allow the opponent time to controvert them. * * * A motion for summary judgment is calculated to save valuable time and thus to assist in securing speedy and inexpensive justice, but one object of the new rules of procedure is to prevent surprise, and this equally praiseworthy obj ective should not be overlooked.”' There being no showing of extraordinary-circumstances in this case, and there being-the possible element of surprise, we think the ruling of the lower Court was correct..
Accordingly, the Summary Judgment appealed from is reversed and the cause is.hereby remanded to the lower Court where-it shall proceed in accordance with the law in the light of the principles herein stated..
KANNER, Acting C. J., and ALLEN,. J., concur.