261 So.2d 553 (1972)
Alvin J. MESSEROFF and Ann J. Messeroff, Each Individually, and As the Father and Mother of and Next Friend of William Douglas Messeroff, a Minor, and Marjorie Messeroff, a Minor, Appellants,
v.
Irving KANTOR et al., Appellees.
No. 71-989.
District Court of Appeal of Florida, Third District.
May 2, 1972.
*554 Berryhill, Avery, Schwenke & Williams, Ft. Lauderdale, and Varon & Stahl, Hollywood, for appellants.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, L. Kenneth Barnett, Miami, and Straughn & Sharit, Winter Haven, for appellees.
Before PEARSON and HENDRY, JJ., and GROSSMAN, RHEA P., Associate Judge.
GROSSMAN, RHEA P., Associate Judge.
The appellants filed a complaint against all the appellees. The trial judge granted summary judgments in favor of Irving Kantor, Harold Kantor, State Farm Fire and Casualty Co. and Holyoke Mutual Fire Insurance Company. The appellants then filed an amended complaint against the two appellees, Exchange National Bank of Winter Haven, Florida and the Jefferson National Bank of Miami Beach. The trial judge granted a summary judgment in favor of the appellees, Exchange National Bank of Winter Haven, Florida and Jefferson National Bank of Miami Beach, Florida from which the appellants have filed this appeal.
The appellants were co-payees of a draft representing settlement proceeds in a personal injury claim. The drafts in question *555 were drawn in such a fashion that they were payable through the Exchange National Bank of Winter Haven, Florida. The appellants' previous attorney, who was also the co-payee of the drafts, unauthorizedly endorsed the appellants' signatures on the drafts in question and deposited them in his trust account at the Jefferson National Bank of Miami Beach via the Exchange National Bank of Winter Haven, Florida; and the ultimate drawees of the drafts being the insurance companies in question.
It is well settled both under precode and post-code law that an unauthorized endorsement does not operate to bar an action by a payee against the drawee bank who ultimately pays the draft. However, in our particular factual situation, the drawee, as indicated by the present state of the record, was the insurance company.
The trial court entered a summary final judgment in favor of both appellee banks on the basis that § 673.3-419(3), Fla. Stat., F.S.A., makes it clear that the banks which operate as intermediary or collecting banks shall bear no liability to the true owner of a draft or check except for those proceeds which may remain in the possession of said bank.
As to the appellee, Jefferson National Bank of Miami Beach, the record is clear that it was a collecting bank within the purview of § 673.3-419(3), Fla. Stat., F.S.A. However, we must look to another area of the code to determine if, in fact, the Exchange National Bank of Winter Haven, Florida was also a collecting bank or a drawee.
The draft in question indicates that the monies are "payable through" the Exchange National Bank of Winter Haven, Florida. The commercial practice of making drafts payable at or through a particular bank is recognized by the code in § 673.3-120, Fla. Stat., F.S.A., which clearly indicates that instruments "payable through" a bank or the like designates that bank as a collecting bank to make presentment, but does not of itself authorize the bank to pay the instrument. In the case sub judice, and in light of the uncontroverted affidavit filed by the appellee, Exchange National Bank of Winter Haven, Florida, it is clear that State Farm and not Exchange National Bank was the "drawee." Having established that both defendant banks in the present cause were collecting banks and not drawees, the action of the trial judge should be affirmed.
Affirmed.