341 So.2d 222 (1976)
Alan M. MOSELEY and Earlene Moseley, His Wife, Appellants,
v.
BI-LO SUPERMARKET, INC., a Florida Corporation, and Fuchs Baking Company et al., Appellees.
No. 75-2032.
District Court of Appeal of Florida, Third District.
December 20, 1976.
Rehearing Denied January 12, 1977.
John W. Black, Coral Gables, and Dan A. Hames, Miami, for appellants.
Horton, Perse & Ginsberg, Sandler & Sandler and Stephen A. Kress, Miami, Kravitz, Dudley & Duckworth, Hialeah, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Moseley, a mortgagee of real property, filed a two count complaint; count 1 was against Bi-Lo Supermarket as mortgagor to foreclose the mortgage. This count was settled prior to the trial. Count 2 was against the appellee here, Fuchs Baking Company. The complaint alleged that Fuchs had secured a judgment against one Cecil Criswell, doing business as Bi-Lo Supermarket, and that pursuant to execution upon said judgment, the defendant Fuchs *223 had directed the sheriff, through the use of a locksmith key, to enter the premises of Bi-Lo Supermarket, Inc., and to seize the property of that corporation. The complaint alleged that the sheriff, acting at the direction of Fuchs, not only removed property but also caused the premises to suffer economic damage. The plaintiff alleged that not only was the levy illegal but also wrongful in that it destroyed plaintiff's security under its mortgage. The defendant moved to dismiss the complaint; the motion was denied. After extensive discovery, the cause came on for trial. At trial, the judge asked for a statement of the facts which the plaintiff expected to prove. After receiving such statement, the trial court entered an order as follows:
"THIS CAUSE came before the Court for Non-Jury Trial as to the Plaintiffs' Amended Complaint against Defendant, FUCHS BAKING CO., and upon proffer of the Plaintiffs' case and argument of counsel for the parties, it is
"ORDERED AND ADJUDGED:
"That the Plaintiffs' Amended Complaint and Claim herein is dismissed, with prejudice, as to Defendant, FUCHS BAKING CO."
This appeal is from that judgment.
We think that it is important to point out that the procedure followed by the trial court is not provided for by any rule of civil procedure. In event the trial court thinks that summary final judgment is proper, it is necessary that the party moved against be given the notice required by the summary judgment rule and be allowed an opportunity to meet the question of whether there is a genuine issue of material fact by the presentation of affidavits and the citations to facts established by the pleadings and the discovery process. See Fla.R.Civ.P. 1.510; and Babb v. Lincoln Auto Finance Co., 133 So.2d 566 (Fla.3d DCA 1961). It is clear that an action may be brought in Florida by a mortgagee against a third party for the wrongful destruction of the property secured by a mortgage. Cf. Wilson v. Bankers Inv. Co., 47 So.2d 779 (Fla. 1950). It has further been held that even where the wrongful destruction of the security is under color of a writ of execution, the action may arise where the levy is wrongful. See Toomer v. Fourth Nat. Bank of Jacksonville, 68 Fla. 555, 67 So. 225 (1915); and Granat v. Biscayne Trust Co., 109 Fla. 485, 147 So. 850 (1933).
We hold that there is a genuine issue of material fact revealed by the pleadings, answers to interrogatories and depositions in this case of whether the levy of execution by Fuchs Baking Company amounted to a wrongful destruction of the property which was security upon the plaintiff's mortgage. Therefore, the judgment appealed is reversed and the cause is remanded for trial.
Reversed and remanded.