347 So.2d 457 (1977)
Felix LAZAR and Clare Lazar, His Wife, Appellants,
v.
Richard ALLEN, Edward J. Mesmer, and the City of St. Petersburg, Florida, Appellees.
No. 76-1360.
District Court of Appeal of Florida, Second District.
June 29, 1977.
*458 Ronald H. Schnell, St. Petersburg, for appellants.
Larry D. Brown, Asst. City Atty., St. Petersburg, for appellee/City of St. Petersburg.
Allen P. Allweiss, Allweiss & Kay, St. Petersburg, for appellees/Allen and Mesmer.
OTT, Judge.
This appeal involves two procedural points. First, whether the defendants' oral motion for summary judgment on the day the case was set for trial was proper. Second, whether the plaintiffs' failure to reply to defendants' affirmative defense precludes an amendment to the pleadings. We answer both points in the negative.
Plaintiffs/appellants, husband and wife, were attempting to find a parking place near the Bayfront Center in St. Petersburg. There was an enormous traffic snarl due to the simultaneous opening of the symphony and circus. The appellant/husband became involved in a dispute with a policeman. At one point, the policeman grabbed him by the lapels of his jacket. The appellant was arrested for disobeying the command of an officer. He was taken to the police station and booked and his car impounded.
As a result of this arrest, a criminal trial was held in March of 1974. The jury returned a verdict of not guilty.
Following the acquittal in the criminal trial, the husband and wife/appellants filed this civil action. Their complaint contained counts in assault and battery, malicious prosecution and false arrest.
With reference to the first issue, defendants obtained a complete transcript of the aforementioned criminal case after the pretrial conference but before the date set for trial. On the morning of the trial, defendants presented the transcript of the criminal case to the trial judge. At this time, defendants orally moved for summary judgment. The motion was granted. This was error.
Fla.R.Civ.P. 1.510(c) provides in relevant part:
The motion [for summary judgment] ... shall be served at least twenty days before the time fixed for the hearing.
See H. Trawick, Florida Practice & Procedure § 25.6 (1974).
Florida case law is replete with opinions which maintain the importance of "scrupulously observing the notice requirements of the Rules in connection with motions for summary judgment... ." Cleveland Trust Co. v. Foster, 93 So.2d 112, 114 (Fla. 1957). As was pointed out in Cook v. Navy Point, Inc., 88 So.2d 532, 534 (Fla. 1956):
A motion for summary judgment is calculated to save valuable trial time and thus to assist in securing speedy and inexpensive justice, but one object of the. . rules of procedure is to prevent surprise, and this equally praiseworthy objective should not be overlooked. [See Nielsen v. Carney Groves, Inc., 159 So.2d 489 (Fla.2d DCA 1964)].
With reference to the second issue, defendants' answer and affirmative defenses contained the following affirmative defense:
Whatever force [was] exercised by the named Defendants was necessary and used nonmaliciously in accordance with an arrest which was lawful and based upon reasonable and probable cause.
Appellants failed to reply to this affirmative defense. Where a party files no reply to an affirmative defense, this merely denies (as opposed to avoids) the affirmative defense. See Fla.R.Civ.P. 1.110(e). Defendants contend that plaintiffs' failure to file a reply should prevent plaintiffs from raising for the first time on appeal the contention that even if the arrest was valid the force used was excessive.
We agree that the avoidance was not properly pled. However, since we reverse the trial court on the entry of summary judgment, the plaintiffs, on remand, *459 should be allowed the opportunity to file a reply to the affirmative defenses. The spirit of modern procedural rules is to allow liberal amendment of pleadings. See Fla.R. Civ.P. 1.190; Cabot v. Clearwater Construction Co., 89 So.2d 662 (Fla. 1956).
Nothing herein is to be construed as prohibiting the defendants from properly moving for summary judgment on remand.
This cause is therefore reversed and the summary judgment set aside. The cause is remanded for further proceedings consistent with this opinion.
BOARDMAN, C.J., and GRIMES, J., concur.