436 So.2d 280 (1983)
Elizabeth M. FORYS, Etc., Appellant,
v.
Roger McLAUGHLIN and Landmark Bank of Orlando, Appellees.
No. 82-1204.
District Court of Appeal of Florida, Fifth District.
July 28, 1983.
Rehearing Denied August 19, 1983.
*281 Arthur J. Ranson, III, of Robertson, Williams, Duane, Lewis & Ranson, P.A., Orlando, for appellant.
Ronald W. Black, Orlando, for appellee McLaughlin.
F. Hartselle Baker of Mahaffey & Baker, P.A., Orlando, for appellee Landmark Bank of Orlando.
FRANK D. UPCHURCH, Jr., Judge.
Elizabeth Forys appeals from a summary final judgment in favor of appellees Roger McLaughlin and Landmark Bank of Orlando in a suit seeking to recover monies which were alleged to have been converted by McLaughlin. We reverse.
Forys' complaint was in three counts. In count I, she alleged that McLaughlin converted to his own use $120,301.40 in certificates of deposit, bank deposits and various negotiable instruments which had been the property of her deceased husband, John Forys. In count II, she sought to impose a constructive trust on such funds, alleging that McLaughlin, the decedent's stepson, had acquired such monies through fraud and undue influence in that he obtained the decedent's signatures on a power of attorney and appointment of deputy while the decedent was extremely ill and incompetent and then presented these documents to officials at Landmark Bank in order to gain access to the decedent's safe deposit box which contained the certificates and bankbooks. Count III sought recovery from the bank on the basis that the bank knew or should have known, in light of the almost illegible signatures on the documents, that they were forgeries and that the bank failed to exercise reasonable care in inquiring as to the genuineness of the signatures.
McLaughlin and the bank each moved for summary judgment. In support of its motion, the bank submitted an affidavit of its branch vice president, Brown, who stated he had personal knowledge of the decedent and had accepted the power of attorney and appointment of deputy presented by McLaughlin. He further stated that upon initial presentation of the documents, he telephoned the decedent at his hospital room, recognized his voice and inquired as to the documents. Brown said that the decedent acknowledged signing the power of attorney and appointment of deputy authorizing McLaughlin to handle his banking affairs. Brown added that he told McLaughlin to have the documents executed on bank forms which McLaughlin subsequently did.
McLaughlin adopted Brown's affidavit and also averred that the decedent had named him trustee over the funds in question for the benefit of McLaughlin's mother.
Forys filed an affidavit of a professional documents examiner who stated that in his opinion the documents were not signed by the same person who signed as John Forys on other bank documents executed some years earlier.
Forys' action against the bank is for conversion and under section 673.419, Florida Statutes (1981):
(1) An instrument is converted when:
* * * * * *
(c) It is paid on a forged indorsement.
* * * * * *
(3) Subject to the provisions of this code concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.
Under this section, a payee, in order to recover directly from a collecting bank, must establish first, that payment on a forged indorsement occurred and second, that the bank did not act in good faith and in accordance with reasonable commercial standards. Jackson Vitrified China v. People's *282 American, 388 So.2d 1059 (Fla. 3d DCA 1980).
The bank maintains that there is no evidence that it accepted forged instruments because Forys' expert merely averred that the signatures are not by the same person who signed documents as "John Forys" when the account was opened. The bank further argues that in any event, the evidence shows that it acted in accordance with reasonable commercial standards in accepting the documents.
First of all, the trial court, in passing upon McLaughlin's and the bank's motions, was required to resolve all doubts regarding the existence of genuine issues of material fact against them and draw all reasonable inferences in favor of Forys. Wills v. Sears Roebuck & Co., 351 So.2d 29 (Fla. 1977); Harvey Building Inc. v. Haley, 175 So.2d 780 (Fla. 1965). A reasonable inference could be drawn from the expert's affidavit that the signatures on the power of attorney and appointment of deputy were not that of John Forys, especially since Brown, the bank vice-president, indicated in his affidavit that John Forys had entered into a safe deposit rental agreement, opened a passbook savings account, and purchased a certificate of deposit from the bank in the late 1970's. It was the signatures on these documents which the expert compared to the signatures on the power of attorney and appointment of deputy.
The bank further points out that in order to constitute a forgery, the false signatures must have been executed with the intent to defraud. Iberville Trust & Savings Bank v. City Cafe, 143 So. 73, 75 (La. App. 1932). See Hepburn v. Chapman, 109 Fla. 133, 149 So. 196 (1933). However, the issue of fraud is generally not a proper subject for summary judgment since it requires a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud. Amazon v. Davidson, 390 So.2d 383 (Fla. 5th DCA 1980); Alepgo Corp. v. Pozin, 114 So.2d 645 (Fla. 3d DCA 1959). Forys should have been given an opportunity to prove intent to defraud at trial.
As to the bank's contention that its affidavit establishes that it acted in accordance with reasonable commercial standards in honoring the power of attorney and appointment of deputy, numerous cases have held that issues of good faith and reasonable commercial standards under section 673.419(3) are factual questions to be determined by the trier of fact. Travelers Ins. Co. v. Jefferson Nat. Bank, 404 So.2d 1131 (Fla. 3d DCA 1981); Barnett Bank of Miami Beach v. Lipp, 364 So.2d 28 (Fla. 3d DCA 1978).
As to the entry of summary judgment in favor of McLaughlin, as noted above, the expert's affidavit and reasonable inferences therefrom, indicate that the decedent did not sign the power of attorney and appointment of deputy and questions as to whether McLaughlin signed them and if so, whether he did so with the intent to defraud, were not proper for resolution by summary judgment. This is especially true in light of the deposition testimony of the decedent's neurologist who testified that he examined the decedent on the day before the documents were signed and found him to be lethargic, stuporous and acutely ill. The neurologist added that he did not believe the decedent to be competent at that time. Clearly, this evidence created a disputed issue of material fact since according to McLaughlin's affidavit, the decedent was competent at the time he signed the documents in question.
REVERSED.
ORFINGER, C.J., and COBB, J., concur.