464 So.2d 635 (1985)
LARKIN GENERAL HOSPITAL, LTD., f/u/b/o Federal Insurance Company, Appellant,
v.
The BANK OF FLORIDA IN SOUTH FLORIDA; Metropolitan Life Insurance Company; the Travelers Insurance Company; the Prudential Insurance Company of America; John Hancock Mutual Life Insurance Company; State Mutual Life Insurance Company; the Lincoln National Life Insurance Company; Connecticut General Life Insurance Company; Gulf Life Insurance Company; and Florida General Life Insurance Company, Appellees.
No. 83-379.
District Court of Appeal of Florida, Third District.
March 5, 1985.
*636 Steven R. Berger and Sara Lawrence, Hofrichter & Quiat, Miami, for appellant.
Blank, Rome, Comisky & McCauley and Elizabeth M. Bohn, Joseph A. McGowan, Shutts & Bowen and Maxine M. Long, Ricardo Torres, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
Larkin General Hospital, Ltd. appeals from three final orders dismissing its second amended complaint filed below, to wit: (1) a final order dismissing with prejudice its conversion and negligence claims brought against the defendant Bank of Florida; (2) a final order dismissing with prejudice its conversion and breach of contract claims brought against eight insurance companies;[1] and (3) a final order dismissing with prejudice its conversion and breach of contract claims brought against the defendant Travelers Insurance Company. The entire action arose out of a series of incidents occurring in January  June, 1979, wherein an employee of Larkin allegedly forged certain endorsements to six checks and eleven drafts made payable to Larkin by the various insurance companies in this case, and obtained payment thereon from the defendant Bank of Florida.[2] For *637 the reasons which follow, we affirm in part and reverse in part.
First, the order of dismissal as to the conversion claims brought against the defendant Bank of Florida must be affirmed insofar as it relates to the eleven drafts issued by the various insurance companies herein, as we have held, under identical circumstances, that no conversion liability lies against the bank under Section 673.419(1)(c), Florida Statutes (1983). Messeroff v. Kantor, 261 So.2d 553 (Fla. 3d DCA 1972). The same order of dismissal, however, must be reversed on the conversion claims brought against the defendant Bank of Florida insofar as it relates to the six checks made by the various insurance companies as it is well-settled that conversion liability lies against the bank under Section 673.419(1)(c), Florida Statutes (1983), in such a case. See, e.g., Forys v. McLaughlin, 436 So.2d 280 (Fla. 5th DCA 1983); Travelers Insurance Co. v. Jefferson National Bank at Kendall, 404 So.2d 1131 (Fla. 3d DCA 1981); Jackson Vitrified China Co. v. People's American National Bank of North Miami, 388 So.2d 1059 (Fla. 3d DCA 1980); Pan American Bank of Orlando v. Yanow, 372 So.2d 1126 (Fla. 4th DCA 1979); Barnett Bank of Miami Beach v. Lipp, 364 So.2d 28 (Fla. 3d DCA 1978); Siegel Trading Co. v. Coral Ridge National Bank, 328 So.2d 476 (Fla. 4th DCA 1976); Robert A. Sullivan Construction Co. v. Wilton Manors National Bank, 290 So.2d 561 (Fla. 4th DCA 1974). Finally, the same order of dismissal must be affirmed as to all the negligence claims brought against the defendant Bank of Florida, as plainly there can be no negligence liability imposed upon the said bank under Section 673.204(1), Florida Statutes (1983), for paying on the drafts and checks herein without obtaining the endorsement of the special endorsee where, as here, the entire special endorsement was itself a forgery. See 2 R. Anderson, Uniform Commercial Code § 3-202:30 (2d ed. 1971).
Second, the orders of dismissal as to the conversion claims filed against the defendant insurance companies herein must be reversed insofar as they relate to the eleven drafts issued by the said insurance companies, as we have held, under identical circumstances, that conversion liability lies against the said insurance companies under Section 673.419(1)(c), Florida Statutes (1983). The Florida Bar v. Allstate Insurance Co., 391 So.2d 238 (Fla. 3d DCA 1980), pet. for review denied, 399 So.2d 1140 (Fla. 1981). Based on the same authority, we must also affirm the orders of dismissal as to the conversion claims filed against the defendant insurance companies insofar as they relate to the six checks issued by the said insurance companies in this case. The Florida Bar v. Allstate Insurance Co., supra at 241 n. 6. Finally, we must affirm the above orders of dismissal insofar as they relate to breach of contract claims brought against all of the insurance companies herein, as, under identical circumstances, the Florida Supreme Court has held that such an action does not lie, Louisville & Nashville Railroad v. Citizens & Peoples National Bank of Pensacola, 74 Fla. 385, 77 So. 104, 106 (1917), which result is in full accord with Restatement (Second) of Agency § 178 (1958).
The final order of dismissal under review relating to the Bank of Florida is therefore affirmed in all respects, except for the conversion claims brought against the said defendant relating to the six checks, as opposed to the eleven drafts, issued by the several insurance companies herein; as to the claims on the checks, the final order of dismissal relating to the defendant Bank of Florida is reversed and the cause is remanded to the trial court for further proceedings.
The final orders of dismissal relating to the defendants Connecticut General Life *638 Insurance Company, Gulf Life Insurance Company, John Hancock Mutual Life Insurance Company, and The Travelers Insurance Company are affirmed in all respects.
The final order of dismissal relating to the defendants Florida General Life Insurance Company, The Lincoln National Life Insurance Company, The Metropolitan Life Insurance Company, The Prudential Insurance Company of America, and The State Mutual Life Insurance Company of America is affirmed in all respects, except for the conversion claims brought against the said defendants for the drafts, as opposed to the checks, issued by the said defendants herein; as to the claims on the drafts, the final order of dismissal is reversed and the cause is remanded to the trial court for further proceedings.
Affirmed in part; reversed in part.
NOTES
[1] The eight insurance company defendants are: Connecticut General Life Insurance Company, Florida General Life Insurance Company, Gulf Life Insurance Company, John Hancock Mutual Life Insurance Company, The Lincoln National Life Insurance Company, Metropolitan Life Insurance Company, The Prudential Insurance Company of America and State Mutual Life Insurance Company of America.
[2] According to the exhibits attached to the second amended complaint and made a part thereof, (1) the defendants John Hancock Mutual Life Insurance Company, Gulf Life Insurance Company, Connecticut General Life Insurance Company and Travelers Insurance Company issued checks, but no drafts, in this case payable to the plaintiff Larkin General Hospital, Ltd.; (2) the defendants Lincoln National Life Insurance Company, Florida General Life Insurance Company, State Mutual Life Insurance Company of America, and Prudential Life Insurance Company of America issued drafts, but no checks, in this case made payable to the plaintiff Larkin General Hospital, Ltd.,; (3) the defendant Metropolitan Life Insurance Company issued one check and two drafts in this case made payable to Larkin General Hospital, Ltd.; and (4) the American Postal Workers Union, Allstate Insurance Company and Aetna Life Insurance Company, defendants below but not appellees in this appeal, issued drafts but not checks in this case made payable to Larkin General Hospital, Ltd.