474 So.2d 1242 (1985)
John SAVAGE-HAWK and Lisa Savage-Hawk, His Wife, Appellants,
v.
PREMIER OUTDOOR PRODUCTS, INC., Appellee.
No. 84-2429.
District Court of Appeal of Florida, Second District.
September 4, 1985.
*1243 Michael S. Edenfield and Martha Kaye Covington, Brandon, for appellants.
Albert C. Kreischer, Jr. of Fuentes and Kreischer, Tampa, for appellee.
RYDER, Chief Judge.
John and Lisa Savage-Hawk appeal an order denying rehearing of a final judgment in which the court ordered them to pay $10,000.00 plus interest to the appellee, Premier Outdoor Products, Inc. We reverse.
Premier Outdoor Products filed a complaint, alleging that it had entered into a verbal agreement to sell Premier Archery Center to the Savage-Hawks, that as part of the consideration for the sale the Savage-Hawks agreed to assume a $10,000.00 debt, and that the Savage-Hawks had failed to pay the debt.
In April of 1984, the trial judge held a pretrial conference. After determining that there was no possibility for settlement among the parties, the judge asked each attorney to present a brief synopsis of the evidence to be presented at trial. The trial judge, on his own volition, inquired as to the Savage-Hawks' tax treatment of certain items for the year 1982. The Savage-Hawks' attorney summarized the deposition testimony of the Savage-Hawks' accountant, and stated that the accountant would testify at trial that the Savage-Hawks' 1982 Form 1040 may have included a deduction for interest alleged to have been paid by the Savage-Hawks to Premier on the alleged debt. Counsel advised the court that the Savage-Hawks' accountant was also the accountant for Premier, and that all entries made by the accountant were done from instructions provided by Premier, not the Savage-Hawks. Counsel also advised that the Savage-Hawks were without knowledge as to the items comprising any interest deduction on their 1982 Form 1040. Counsel for the Savage-Hawks then stated that he objected to the court considering any information regarding the tax form without the opportunity to cross-examine the accountant. Premier proffered documentary evidence, including the Savage-Hawks' bookkeeping records for the business, certain cancelled checks issued by the Savage-Hawks in payment of the alleged indebtedness, and the Savage-Hawks' income tax return for 1982. These records were not actually filed with the court until July 20, 1984.
The trial judge advised counsel for both parties that he would enter a judgment for Premier. The Savage-Hawks' counsel objected to the entry of judgment without the opportunity to cross-examine Premier and without the opportunity to present evidence on their affirmative defenses. Counsel for each party were unable to agree on the wording to be included in the final judgment, therefore, the trial judge held a conference on June 19, 1984 to reconcile differences as to the content of the final judgment. *1244 At this time, the Savage-Hawks' counsel once again objected to the entry of a judgment without the opportunity to cross-examine plaintiff and to present testimony regarding their affirmative defenses.
On August 9, 1984, the trial court entered judgment against the Savage-Hawks for damages, prejudgment interest and court costs. The order stated that based on the documentary evidence of their bookkeeping records and the 1982 income tax return, the Savage-Hawks had made payments on the indebtedness, had carried the indebtedness upon their books and records from its inception, and had included it on their 1982 income tax return as a deductible expense. Additionally, the Savage-Hawks made several payments for this indebtedness as evidenced by cancelled checks which contain notations that they were issued in repayment of this loan indebtedness. Although the Savage-Hawks said they had no knowledge that their accountant had carried this indebtedness on their books and records and did not know that it was included in their 1982 tax return, the court found that the Savage-Hawks were presumed to have had knowledge of the information contained on their tax return. Furthermore, they did not make any effort to amend their return after having gained knowledge of the interest inclusion on the return. The court then entered judgment against the Savage-Hawks for $10,000.00, together with interest. The court denied the Savage-Hawks' subsequent motion for rehearing.
Although we recognize that a trial judge may enter a summary judgment on his own motion at a pretrial conference, such a procedure should be employed with an abundance of caution. Bess v. 17545 Collins Avenue, Inc., 98 So.2d 490, 491 (Fla. 1957). Furthermore, the presumption of correctness of a court's ruling based upon a written record of pleadings, affidavits and depositions is not as strong as where the court heard the witnesses itself or ruled on conflicting evidence. See West Shore Restaurant Corp. v. Turk, 101 So.2d 123, 126 (Fla. 1958); C.A. Hansen Corp. v. Aetna Insurance Co., 455 So.2d 1329, 1332 (Fla. 4th DCA 1984). There are several reasons why we cannot affirm the judge's final summary judgment on the facts of this case.
The record is silent as to whether the trial judge actually had the documentary evidence before him when he made his ruling at the April 1984 pretrial conference. The appellee only states that they proffered the documentary evidence at this time. The appellant states that the record is clear that no evidence was presented to the court at that conference. Because we have no record of that conference before us, we are unable to ascertain that the judge had the documentary evidence at that time. We also note that the documents in question were not filed with the court until July 20, 1984.
Additionally, at the time of the ruling, the court did not have the deposition of the accountant, which was not filed until after the court entered the final judgment. The accountant appears to be a key witness, and essential to fully understanding the financial transactions in this case, especially because he was the accountant for both parties. Lastly, there is a question as to whether the $5,400.00 which appellants paid should have been credited against the alleged $10,000.00 debt, or whether it had already been applied to settle a replevin action between the parties.
For these reasons, therefore, we reverse and set aside the final judgment, and the matter is remanded for further proceedings.
DANAHY and CAMPBELL, JJ., concur.