490 So.2d 1032 (1986)
John FRUHMORGEN, Appellant,
v.
William A. WATSON D/B/a Bill Watson Hardware, Appellee.
No. 85-2714.
District Court of Appeal of Florida, Second District.
June 25, 1986.
J. Stanford Lifsey, Tampa, for appellant.
Leslie E. Joughin, III, and Enola T. Brown of Lawson, McWhirter, Grandoff & Reeves, Tampa, for appellee.
SCHOONOVER, Acting Chief Judge.
Appellant, John Fruhmorgen, seeks review of a partial summary judgment entered in favor of the appellee, William A. Watson, d/b/a Bill Watson Hardware. We reverse.
Appellee filed a complaint against appellant alleging breach of a lease that he had entered into with appellant and Unclaimed Freight, Inc., a corporation that was not made a party to the action. Appellant answered and filed affirmative defenses contending that he had executed both the lease, and an extension thereof, only in his corporate capacity as an officer of Unclaimed Freight, Inc. After discovery was completed, a nonjury trial was scheduled.
On the morning of trial, counsel for both parties met in chambers with the trial judge to discuss the possibility of settlement. When it appeared that settlement was unlikely, the judge asked counsel whether they would like to present their case to him informally, have him review the pertinent pleadings, admissions, and depositions, and then have him share his legal analysis of the issue of liability with them. Both parties evidently agreed to this procedure. The parties then informed the court of the evidence they would adduce, presented *1033 arguments, and were advised of the court's analysis. After the parties were still unable to reach an agreement, the court found, over appellant's objection and in spite of his demand that the matter be tried, that there were no issues of material fact and that appellant was liable to appellee as a matter of law. A judgment on the question of liability was entered in favor of appellee, and this timely appeal of that interlocutory order was filed.
Appellant contends that the trial court, by refusing to allow a full trial on the merits, denied him his constitutional right of due process. We agree. In the event the trial court thinks that summary final judgment is proper, it is necessary that the party moved against be given the notice required by Florida Rule of Civil Procedure 1.510 and be allowed an opportunity to meet the question of whether there exists a genuine issue of material fact. Muncey v. Star Brite Distributors, Inc., 378 So.2d 1326 (Fla. 3d DCA 1980); Moseley v. Bi-Lo Supermarket, Inc., 341 So.2d 222 (Fla. 3d DCA 1977). Here, as in Muncey and Moseley, there was no motion pending for summary judgment and none was made by appellee. Even if there had been, we have held that a trial court may not grant a party's oral motion for summary judgment made on the day a case is set for trial because the notice requirements of rule 1.510(c) require that a motion for summary judgment be served at least twenty days before the hearing. Lazar v. Allen, 347 So.2d 457 (Fla. 2d DCA 1977).
Although a trial judge may, sua sponte, enter a summary judgment at a pretrial conference, this procedure also requires adequate notice and should be employed with an abundance of caution. Fla. R.Civ.P. 1.200(c); Savage-Hawk v. Premier Outdoor Products, Inc., 474 So.2d 1242 (Fla. 2d DCA 1985). Here, the trial court initiated and entertained summary judgment on its own motion, but did not do so at a formal pretrial conference where appropriate notice had been given.
Appellee argues that Compass Enterprises, Inc. v. Earls, 397 So.2d 1039 (Fla. 5th DCA 1981), approves the procedure followed by the trial court here. We disagree. In Compass, the court found that although Florida Rule of Civil Procedure 1.200 contemplates a formal pretrial conference after notice has been given, in actual practice it is common to confer immediately before trial, especially in nonjury trial cases, to narrow the issues upon which evidence needs to be taken. The trial court is justified in accepting and relying upon the admissions and agreements of counsel at such conferences, and, where it appears that only a question of law is presented as to the effect of those facts, in disposing of the matter without taking evidence. Compass. We find Compass to be distinguishable because the parties there stipulated as to both controverted and uncontroverted evidentiary facts, accepted the court's ruling, and stipulated as to the sums involved. The court, moreover, offered the parties an opportunity to present their evidence. One of the parties then discharged its trial counsel and sought, on appeal, to have the stipulation ruled improper. Here, to the contrary, appellant neither stipulated to the proceeding nor to any facts. He steadfastly objected to the court's ruling and was denied the opportunity to present evidence.
The appellant had a constitutional right to have a full and fair trial on the merits. Pelle v. Diner's Club, 287 So.2d 737 (Fla. 3d DCA 1974). We hold, therefore, that the trial court erred in denying appellant this right by entering a partial summary judgment without any notice, on its own motion, and over appellant's objections. Muncey; Moseley.
We, accordingly, reverse and remand for proceedings consistent herewith.
LEHAN and FRANK, JJ., concur.