522 So.2d 1051 (1988)
LANDMARK BANK OF BREVARD and Flagship First National Bank of Titusville, Appellants,
v.
HEGEMAN-HARRIS COMPANY, INC., Appellee.
No. 87-1072.
District Court of Appeal of Florida, Fifth District.
April 7, 1988.
Hartselle Baker, Orlando, for appellants.
Elting L. Storms, of Storms, Krasny, Normile, & Dettmer, P.A., Melbourne, for appellee.
COWART, Judge.
Appellant Landmark, a collecting bank, failed to detect an improper endorsement and erroneously deposited a check payable to appellee company (payee) to the account of another company with a similar name. Relying on Landmark's guaranteed endorsement, appellant Flagship, the depository (drawee) bank, honored and paid the check. The payee, as true owner, sued both banks for conversion of the funds represented by the check. The banks pleaded section 673.419(3), Florida Statutes (U.C.C. § 3-419(3)), which provides:
(3) Subject to the provisions of this code concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who is not the true owner is not liable in conversion or otherwise to *1052 the true owner beyond the amount of any proceeds remaining in his hands.
A special verdict of the jury determined that the banks acted in good faith but did not act in accordance with the reasonable commercial standards of the banking industry.[1] The trial court entered judgment for the payee for the face amount of the check plus prejudgment interest and the banks appeal. We affirm.
The banks rely on language from this court's opinion in Forys v. McLaughlin, 436 So.2d 280, 281 (Fla. 5th DCA 1983) which states that
a payee, in order to recover directly from a collecting bank, must establish first, that payment on a forged indorsement occurred and second, that the bank did not act in good faith and in accordance with reasonable commercial standards. Jackson Vitrified China v. People's American, 388 So.2d 1059 (Fla. 3d DCA 1980).
In the context in which this statement was made it was almost, but not exactly, correct. However, out of context and standing alone as a statement of law, it is incorrect and misleading and we withdraw from it. We explain.
First we note that Forys involved a forged endorsement, while in this case the check in question was payable to one company but endorsed for deposit only to the account of a different company with a very similar name. When a check is forged, that is, when it is endorsed with the name of the payee written by someone other than the payee, a collecting bank may or may not, by the exercise of reasonable banking standards and practices, be able to detect that the endorsement was forged. By contrast, when, as here, the endorsement itself is different from the named payee, that fact is shown by the instrument itself. In finding the collecting bank in this case was not acting in accordance with reasonable commercial standards in the banking industry when it deposited the proceeds of a check payable to one company into the account of a different company (albeit one with a similar name) the jury was eminently correct because, under the facts of this case, that conclusion need not have been determined as a matter of fact  it can be stated as a matter of law. When a bank does fail to act in accordance with reasonable commercial standards, the question of whether it did so knowingly and intentionally, and therefore not in good faith, or whether its failure was merely negligent and in good faith, would be one of fact in any particular case. However, whether the bank acted intentionally and in bad faith, or negligently but in good faith, the true payee would still have a prima facie cause of action for conversion against the collecting bank. It is at this juncture that the above quoted statute comes into play and provides the bank with the qualified affirmative defense in an action by the true owner of the instrument against the bank for conversion or otherwise.
The affirmative defense given by the statute limits the bank's liability to the amount of any proceeds remaining in the hands of a representative (the bank) if the bank can prove that in dealing with the instrument (the check in this case) or its proceeds, the bank acted (1) in good faith and (2) in accordance with the reasonable commercial banking standards. Contrary to the implications in the above quote from Forys, at trial the bank has the burden of proving that it comes within the exception of U.C.C. § 3-419(3) (section 673.419(3), Florida Statutes).[2] In order to establish a prima facie case against the collecting bank, the payee need only prove a conversion, i.e., that the bank collected and paid to another the proceeds of a check payable to the plaintiff-payee without the plaintiff-payee's endorsement or other consent. Such plaintiff-payee does not have the burden to prove that the bank did not act in *1053 good faith and in accordance with reasonable commercial banking standards. In Forys the plaintiff-payee-true owner moved for summary judgment, and as such movant, the payee was required not only to come forward with evidence as to its cause of action in conversion but it also was required to make an evidentiary showing negating the bank's affirmative defense. However, even in that situation and context, the above quote is incorrect. The bank's affirmative defense required the bank to prove both of two distinct elements  "good faith" and "commercial reasonableness"; the payee moving for summary judgment could adequately negate that defense by an initial offering of evidence showing the absence of either one or the other of these two elements, i.e., plaintiff-payee, as movant on summary judgment, need only have made an initial showing that the bank did not act in good faith OR (not and) that the bank did not act in accordance with reasonable commercial standards.
The UCC does not prohibit or limit an award of prejudgment interest.[3] Therefore, under Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), the trial court was correct in allowing prejudgment interest (per section 687.01, Florida Statutes) to the payee on the verdict liquidating the damages as of a date certain, being in this case, the date of the conversion of the proceeds of the check.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] The jury also found that the collecting bank (Landmark) was 58% negligent, the depository bank (Flagship) was 20% negligent and the true owner and payee, 22% negligent.
[2] 6 R. Anderson, Anderson on the Uniform Commercial Code § 3-419:14 (3d ed. 1984); Annot., Bank's "reasonable commercial standards" defense under UCC § 3-419(3), 49 A.L.R. 4th 889, 895 (1986).
[3] See 6 R. Anderson, Anderson on the Uniform Commercial Code § 3-419:33 (3d ed. 1984).