SHIVERS, Judge.
Appellant Key Capital Corporation (Key Corporation) filed a complaint against ap-pellee Keen seeking money damages for breach of a motor vehicle lease. Key Corporation had repossessed the vehicle from Keen’s ex-wife and sold it without giving Keen prior notice.
Keen moved for summary judgment on the ground that Key Corporation’s failure to provide notice of sale of the repossessed vehicle violated section 679.504, Fla. Stat. (1985), an Article 9 provision of the Uniform Commercial Code that pertains to secured transactions. Key Corporation filed an affidavit by its bookkeeper alleging that the lease transaction was a true lease and not one intended for security. On July 14, 1987, the court granted Keen’s motion for summary judgment denying Key Corporation’s action for a deficiency judgment.
“Whether a lease is intended as a security is to be determined by the facts of each case....” Section 671.201(37), Fla. Stat. (1985). The disputed motor vehicle lease in this case appears nowhere in the record and we, therefore, cannot determine whether the lease was intended as a security agreement.
The issue of whether Keen was entitled to notice of the motor vehicle sale which Key Corporation failed to provide turns on *346 the construction given the absent lease. What construction is proper is an issue of material fact inappropriately disposed of by summary judgment. Levey v. Getelman, 408 So.2d 663 (Fla. 3d DCA 1981).
Fla.R.App.P. 9.200(e) places upon the appellant the burden of furnishing an adequate record for appellate review; and, generally, when the record is incomplete or inadequate for the reviewing court to ascertain whether the lower court erred, the reviewing court should either dismiss the appeal or summarily affirm the order appealed from. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979) (cause remanded for entry of an order affirming the final judgment of the trial court), Carter v. Carter, 504 So.2d 418 (Fla. 5th DCA 1987) (appeal dismissed), Bei v. Harper, 475 So.2d 912 (Fla. 2d DCA 1985) (order affirmed), Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1982) (order affirmed). In this case however, the trial judge entered a summary judgment against appellant which cannot stand unless the auto lease can be construed as a security agreement or anywise an agreement that requires legal notice prior to disposition of its subject asset. The lease then is a necessary document and any construction of it cannot legitimately be made without first having read its contents. Ap-pellee repeatedly avers, and we find no indication to the contrary, that the lease was never a part of the record in the proceedings below. Summary judgment is improper where “[t]he record is silent as to whether the trial judge actually had the documentary evidence before him when he made his ruling_” Savage-Hawk v. Premier Outdoor Products, Inc., 474 So. 2d 1242 (Fla. 2d DCA 1985). Accordingly, we reverse the summary judgment in favor of Keen and remand for further proceedings.
REVERSED AND REMANDED.
BOOTH and THOMPSON, JJ., concur.