PER CURIAM.
Mr. Alvarez appeals a final summary judgment entered against him on a promissory note. We reverse because he received inadequate notice that the motion for summary judgment was scheduled for hearing and supported by an affidavit.
Mr. Garcia, who is incarcerated, filed his pro se action in October 1992. Shortly after filing the lawsuit, Mr. Garcia filed a motion for a telephonic hearing, explaining that such a hearing would facilitate pretrial proceedings in light of his imprisonment. When this motion was filed, no other motions were pending.
In early January 1993, Mr. Garcia filed a motion for summary judgment and a supporting affidavit. The trial court used the earlier motion for telephonic hearing to enter a “request” to the jail that Mr. Garcia be permitted access to a telephone for a hearing on February 10. Following the telephonic hearing, the trial court entered summary judgment in favor of Mr. Garcia.
Thereafter, the trial court denied a timely filed motion for rehearing that was supported by an affidavit from Mr. Alvarez’s attorney. In that affidavit, Mr. Alvarez’s attorney explained that he had received the notice for this hearing, but was uncertain whether the trial court intended to hear the motion for summary judgment because it had never been formally noticed for that time. Moreover, he had not received a copy of the affidavit from Mr. Garcia and was unaware that the motion was supported by any evidence.
We conclude the trial court did not adequately notify Mr. Alvarez that the motion for summary judgment would be heard at the telephonic hearing. Especially in light of the confusion over Mr. Garcia’s affidavit in support of his motion for summary judgment, the trial court should have granted Mr. Alvarez’s motion for rehearing. See Fruhmorgen v. Watson, 490 So.2d 1032 (Fla.1986).
Reversed and remanded.
SCHOONOVER, A.C.J., and ALTENBERND and QUINCE, JJ., concur.