PER CURIAM.
On the morning of trial, the trial judge granted an oral motion for summary judgment after a previous regularly set motion for summary judgment had been denied by a predecessor judge.[1] We reverse. See Fruh-morgen v. Watson, 490 So.2d 1032 (Fla. 2d DCA 1986) wherein the following is found.
Appellant contends that the trial court, by refusing to allow a full trial on the merits, denied him his constitutional right of due process. We agree. In the event the trial court thinks that summary final judgment is proper, it is necessary that the party moved against be given the notice required by Florida Rule of Civil Procedure 1.510 and be allowed an opportunity to meet the question of whether there exists a genuine issue of material fact. Muncey v. Star Brite Distributors, Inc., 378 So.2d 1326 (Fla. 3d DCA 1980); Moseley v. Bi-Lo Supermarket, Inc., 341 So.2d 222 (Fla. 3d DCA 1977). Here, as in Muncey and Moseley, there was no motion pending for summary judgment and none was made by appellee. Even if there had been, we have held that a trial court may not grant a party’s oral motion for summary judgment made on the day a case is set for trial because the notice requirements of rule 1.510(c) require that a motion for summary judgment be served at least twenty days before the hearing. Lazar v. Allen, 347 So.2d 457 (Fla. 2d DCA 1977).
Therefore, the summary judgment of March 7,1996, is reversed and this cause is remanded to the trial court for further proceedings.[2]
Reversed and remanded.

. Subsequent to this denial an additional count was added by amendment to the complaint.

. This opinion shall not prevent the trial court from considering a properly filed motion for summary judgment with appropriate supporting affidavits or discovery.