COPE, J.
Judith S. Lamb appeals an adverse summary judgment. We affirm.
Judith Lamb sued Allstate Insurance Company, contending that its payment of a Hurricane Andrew loss was, as a matter of law, in the form of a draft drawn on Allstate itself. Plaintiff alleged that Allstate was liable for the payment of the instrument on a forged endorsement. See The Florida Bar v. Allstate Ins. Co., 391 So.2d 238 (Fla. 3d DCA 1980); see also Larkin General Hosp., Ltd. v. Bank of Florida, 464 So.2d 635 (Fla. 3d DCA 1985); Messeroff v. Kantor, 261 So.2d 553 (Fla. 3d DCA 1972).
On the merits, we agree with Judge Gordon that the instrument at issue here is a check drawn on Allstate’s bank, and is not a draft drawn on Allstate itself. The instrument does not reflect “payable through” or “payable at,” which would be necessary to support the plaintiffs theory. See Messeroff, 261 So.2d at 555; see also §§ 673.120, 673.121, Fla. Stat. (1991).* *1255 We also reject the plaintiffs claim of procedural error. Allstate moved for summary judgment in the trial court on the theory just stated. The trial court initially denied the motion, but at the pretrial conference, indicated that it wished to reconsider the matter. Accordingly, the court directed that a new hearing be held on Allstate’s motion as well as a hearing on a motion for summary judgment filed by the plaintiff. Both motions came on for consideration on proper notice, and the court granted Allstate’s motion.
The plaintiff argues that having once denied Allstate’s motion, the trial court was precluded from being able to reconsider. That is not so. “While a judge should hesitate to undo his own work ... he does have, until final judgment, the power to do so.... ” Tingle v. Dade County Bd. of County Comm’rs, 245 So.2d 76, 78 (Fla.1971); Francisco v. Victoria Marine Shipping, 486 So.2d 1386, 1388 n. 2 (Fla. 3d DCA 1986); see also Wasa Int’l Ins. Co. v. Hurtado, 749 So.2d 579, 580 (Fla. 3d DCA 2000). To the extent that Cahill v. Cooney, 182 So.2d 32, 33 (Fla. 3d DCA 1966), suggests otherwise, it is dictum.
Plaintiffs reliance on Groeber v. Heuring, 690 So.2d 1343 (Fla. 3d DCA 1997), is misplaced. In Groeber, the motion for summary judgment had been denied. Without prior notice, the court granted an oral motion for summary judgment on the day of trial. Id. at 1344. In the present case there was notice that the court wished to reconsider the previously-denied motion.
Affirmed.

 The payment was made in 1992, so the lawsuit is governed by the pre-1993 version of Flori *1255 da's Uniform Commercial Code.